[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKERE: PLAINTIFF MOTHER'S CLAIM FOR EMOTIONAL DISTRESS ARISINGOUT OF THE TREATMENT ACCORDED HER CHILD DURING DELIVERY(COUNTS 2, 4, 6, 9 AND 10)
In these counts the plaintiff mother claims to have suffered emotional distress due to the negligence of the defendants at the delivery of her son and as a result of "her awareness of a threat to Michael's well-being, her observation of Michael's condition, her awareness of Michael's prognosis of permanent and total disability and her fears for the future."
The defendants claim that the mother is a bystander under the circumstances of this complaint and Maloney v. Conroy,208 Conn. 392 (1988) controls, precluding any recovery for bystander CT Page 4912 emotional distress in medical malpractice cases. Plaintiff responds that the mother is not a bystander at the delivery of her child and can assert a valid claim for emotional distress based on negligent conduct accorded her child as well as herself during delivery.
To suggest that a mother engaging in the process of labor and delivery is a bystander to the event, or to try to sever out concerns for her own well-being versus concerns for the child within her, defies logic and reason. A mother's concerns during delivery for her own welfare and that of her child are so interwoven as to be legally inseparable. Where the child remains a part of the mother's physical being, concerns for the child's welfare during delivery procedures are concerns for the mother's well being. As plaintiff points out this unique situation will have no impact on the policy concerns expressed in Maloney at pgs. 402-04, and this court finds the reasoning of such cases as Hyland v. State of Connecticut,7 Conn. L. Rptr. 222, 223 (August 6, 1992) (Aurigemma, J.) clearly the more persuasive. Since the plaintiff is not a bystander, she must allege and satisfy the conditions for recovery set out in Montinieriv. Southern New England Telephone Company, 175 Conn. 337,345 (1978); that the defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress; and that the distress, if caused, might result in illness or bodily harm.
Defendants' motion to strike Counts 2, 4, 6, 9 and 10 is Denied.
Re: Plaintiff Father's Claim For Emotional Distress (Counts 22-26)
In these counts the plaintiff father claims that he is a physician who was present throughout the labor and delivery of his son; that he witnessed the prolonged labor of his wife and the monitoring indications of increasing difficulty with the labor and delivery; that he witnessed the negligence of the defendants, basically consisting of allowing the prolonged labor to proceed without taking appropriate action, which resulted in serious injuries to his son; and that he witnessed and was aware that his son was born "in a compromised state," all of which caused him to suffer severe emotional distress.
Plaintiff claims the allegations satisfy the (4) requirements for bystander emotional distress recently recognized in Clohessey v.Bachelor, 237 Conn. 31, 52-56 (1996). The defendants respond thatMaloney v. Conroy, 208 Conn. 293 (1988) is dispositive and does not permit claims for bystander emotional distress in medical malpractice cases. CT Page 4913
In Clohessey the Court reviewed three prior decisions regarding bystander emotional distress; Strazza v. McKittrick, 146 Conn. 714
(1959), Amodio v. Cunningham, 182 Conn. 80 (1980), and Maloney.Strazza was specifically overruled, apparently leaving the remaining two decisions in tact. However, the continued validity ofMaloney was put in some doubt by its ultimate reliance on the principle articulated in Strazza.
In Maloney the Court stated: "We are not inclined to resume our dalliance with the Dillon guidelines that we held not to be satisfied when we disposed of the malpractice emotional disturbance claim in Amodio that was so similar to the case before us. The subsequent modification in Ochoa that a `sudden and brief event' was not necessary to satisfy the Dillon requirement of `sensory and contemporaneous observance of the accident,' allowing those like this plaintiff to bring actions for emotional disturbance based upon their observation of the course of treatment of an alleged malpractice victim over an extended period of time, demonstrates to us the ineffectiveness of those guidelines in screening out claims of any family member for the grief he has suffered from the loss of a loved one. Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that `there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.'" (Citations omitted).Maloney, supra, 402.
In Clohessey the Court proposed to "reexamine this court's holding in Strazza in light of Amodio and Maloney and the law regarding bystander emotional distress that has developed over the last four decades." Clohessey, supra, 44. Clearly, concerns expressed inAmodio and Maloney remained issues for the Clohessey court.
"Central to this court's concern in Amodio and Maloney was that `the etiology of emotional disturbance is usually not readily apparent as that of a broken bone following an automobile accident . . .'Maloney v. Conroy, supra, 208 Conn. 397. The problem is compounded when the underlying act of negligence with respect to the victim is medical malpractice because there is generally no significant observable sudden traumatic event by which the effect upon the bystander can be judged. For this precise reason most courts have recognized that a cause of action for bystander emotional distress must be confined in order to avoid limitless liability. `Without CT Page 4914 such perception, the threat of emotional injury is lessened and the justification for liability is fatally weakened.' Portee v. Jaffee,84 N.J. 88, 99, 417 A.2d 521 (1980)." Clohessey, supra, 44.
Despite its reliance on Strazza, Maloney was not overruled byClohessey because the specific facts of the case did not warrant it, and the concerns articulated in Maloney constituted a factor for the Clohessey court in fashioning its conditions, specifically condition #3 (Contemporaneous sensory perception of the death or injury producing event), for bystander recovery based on emotional distress.
In the case at bar, as with most medical malpractice situations, there is alleged no observable sudden traumatic event to trigger serious emotional distress. Rather, the counts in question allege manifestations of developing problems over the course of a prolonged labor due to the negligent omissions of the defendants. It is the plaintiff physician's awareness of the omissions over a period of time coupled with the delivery of the child in a "compromised state" which is the basis for the alleged emotional distress. It is the judgment of this court that such allegations, when viewed in a light most favorable to sustaining its legal sufficiency, do not constitute the type of contemporaneous sensory perception of the event as to satisfy condition #3 of Clohessey.
Furthermore, this court is not willing to extend a duty from physician to father in the factual setting at bar, where no patient-physician relationship exists. See Casner v. Fine, 14 Conn. L. Rptr. No. 18, 570 (September 18, 1995) (Handy, J.).
Defendants' motion to strike Counts 22-26 is Granted.
RE: Loss of Consortium Claims of Mother and Father, Counts (11-20)
In the past this court has been willing to extend loss of consortium claims to a child for loss of the parental relationship.
"Arguably, the need for the love and companionship of one's spouse pales in comparison to the developmental needs of a child for a parent, as do the respective benefits to society. Given the increased recognition of the benefits of parental care and management both to the child and to society, there remains no legitimate basis for the acceptance of loss of marital consortium as a cause of action and the rejection of the loss of parental consortium." Brownv. Eleftherio Stavrakis, 16 Conn. L. Rptr. 562 (April 25, 1996) (Fasano, J.) CT Page 4915
This court finds the arguments for extending loss of consortium claims to parents less compelling, and is willing to await resolution of the issue by the appellate courts or the legislature.
Defendants' motion to strike Counts 11-20 is Granted.
FASANO, J.