[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#106)
The issue presented here is whether the defendant's motion to strike counts six and seven of the complaint should be granted on the ground that Connecticut does not recognize bystander emotional distress in medical malpractice actions. Count Six alleges bystander emotional distress by the mother during childbirth and the seventh count alleges bystander emotional distress by the father who was present and witnessed the birth. The court reaches a different conclusion as to each. CT Page 4767
FACTS
Arlene Martin and Leonard E. Martin III, and their infant daughter, Alyssa Martin, allege that on or about October 31, 1994, the mother entered into the care and treatment of her pregnancy by the defendants. Marlene Waradzin, M.D., Charles Helm, M.D., Thomas Helm, M.D., James Fanning, Jr., M.D., and Helm Helm, P.C., which remained continuous through June 20, 1995. On June 20, 1995, the infant was born at the Veterans Memorial Medical Center (Veterans), also a defendant in this action. The plaintiffs allege that due to the care and conduct of the defendants the infant suffered shoulder dystocia during her delivery which caused a left brachial plexus injury resulting in permanent disability. On November 17, 1997, the plaintiffs filed a revised complaint against the defendants claiming: (1) negligence against Helm Helm, P.C.; (2) lack of informed consent; (3) negligence against Veterans; (4) and (5) bystander emotional distress against Helm Helm, P.C. by the mother and father, respectively; and (6) and (7) bystander emotional distress against Veterans by the mother and father, respectively. On December 15, 1997, Veterans filed a motion to strike counts six and seven of the plaintiffs' revised complaint with a supporting memorandum of law pursuant to Practice Book § 155. On January 30, 1998, the plaintiffs filed a memorandum in opposition to Veterans' motion to strike.
"[A] bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: (1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." Clohessy v.Bachelor, 237 Conn. 31, 56, 675 A.2d 852 (1996).
Veterans, relying on the holding of Maloney v. Conroy,208 Conn. 392, 545 A.2d 1059 (1988), argues that although our court recognizes a cause of action for bystander emotional distress in CT Page 4768 certain specific circumstances, a bystander to medical malpractice may not recover for emotional distress. Veterans argues that the Clohessy court did not modify or overrule the holding of Maloney v. Conroy, supra, 208 Conn. 392, citing Judge Levin's conclusion in Wildman v. Connecticut Allergy AsthmaAssociates, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334473 (December 16, 1996) (Levin, J.) (18 CONN. L. RPTR. 453, 456): "That Maloney was not expressly overruled by Clohessy is especially telling since Maloney is of such recent vintage. Had there been a majority of the Supreme Court in Clohessy in favor of overruling Maloney . . . the Court would have done so expressly." The defendant further argues that the reasoning of Maloney v. Conroy, supra, 208 Conn. 392, is based on policy that makes Maloney applicable to all medical malpractice actions, including those actions by parents who witness acts of malpractice at the birth of a child where a specific contemporaneous event cognizable to the plaintiff is the discrete etiology of the emotional disturbance. The plaintiffs argue that the Maloney court did not find or intend that all bystander emotional distress claims in medical malpractice actions are barred. The plaintiffs further argue that the bar, as articulated in both Maloney v. Conroy, supra, 208 Conn. 392, andAmodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980), applies only to those cases where the injury did not manifest itself contemporaneously with witnessing a discrete event of negligent conduct. In both of those cases, the plaintiffs' injuries were a result of witnessing continuing medical negligence over a period of time. The plaintiffs argue that the Maloney court was concerned only with the inexactitude of the etiology of the emotional distress in that case, which failed the application of the second prong of the Clohessy test which requires that the injury occur contemporaneously with a perceived act of negligence. The plaintiffs argue that the injury to the infant in the present case was a discrete event witnessed by the parents which contemporaneously caused the emotional disturbance, and is not barred by the decision in Maloney. The plaintiffs further argue as to count six, citing Scalise v. Bristol Hospital, Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 525217 (July 6, 1995) (Corradino, J.) (14 CONN. L. RPTR. 534), that the majority of our courts hold that a mother is not merely a bystander at the birth of her own child, as she is integral to the birthing process, and that the reasoning and the policy concerns behind the Malony bar to recovery in the malpractice area for bystander emotional distress do not apply in the situation of a mother claiming injury based CT Page 4769 on an injury to her child during the birthing process.
Count Seven
The claims are addressed in reverse numerical order for convenience of discussion. The court in Maloney v. Conroy,supra, 208 Conn. 392, 393, held that there is no cause of action for bystander emotional distress in medical malpractice actions. The court in Clohessy v. Bachelor, supra, 237 Conn. 31, recognized a cause of action in bystander emotional distress under the rule of reasonable foreseeability provided the bystander satisfies certain limiting conditions. Since Clohessy, there has not been a definitive ruling by our Supreme Court as to whether Connecticut recognizes a cause of action for bystander emotional distress in medical malpractice actions that allege specific discrete circumstances of contemporaneous injury and conduct causing the injury, as in the present case. A review of the Clohessy and Maloney holdings as to the issue of whether bystander emotional distress is recognized as a cause of action in medical malpractice cases was conducted by the court in Wildman v. Connecticut Allergy AsthmaAssociates, supra, 18 CONN. L. RPTR. 453. The court concluded that "the rule of the [Maloney] case is clear and explicit. Until it is reversed, changed or modified by the Supreme Court, this court must follow it. . . . Since Maloney has not been overruled, the plaintiff may not assert a claim for bystander emotional distress arising out of alleged acts of medical malpractice. . . ." (Citations omitted.) Id., 456. "On the one hand Clohessy appears to articulate a universal test for a claim of bystander emotional distress. On the other hand, in Maloney v. Conroy, supra, 208 Conn. 393, the Supreme Court handed down a clear, `bright line' holding that `a bystander to medical malpractice may not recover for emotional distress'. . . . [T]he [Clohessy] court did not thus expressly overrule Maloney." (Internal quotation marks omitted.) Id., 454; see also Colon v. Barczak, Superior Court, judicial district of New London at New London, Docket No. 537729 (July 17, 1997) (Hurley, J.) (20 CONN. L. RPTR. 121) (father has no claim for bystander emotional distress after witnessing his wife and unborn fetus die due to the alleged negligent care of defendant), and cases cited therein; Tyrrell v. Cassell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304981 (Feb. 27, 1995) (Thim, J.) (father has no claim for witnessing child's death during childbirth). The holding of Wildman, in its interpretation ofMaloney and Clohessy, remains persuasive. Accordingly, the defendant's motion to strike count seven of the complaint is granted. CT Page 4770
Count Six
As previously discussed, the rule in Maloney v. Conroy,supra, 208 Conn. 392, as presently interpreted, bars claims for bystander emotional distress in the medical malpractice context. However, a review of the case law reveals that a majority of the courts recognize a claim for bystander emotional distress in the circumstance of a mother claiming injury as a result of witnessing injury to the infant during childbirth. "[N]umerous superior court decisions have recognized that a mother is not a mere bystander at the birth of her own child." Smith v. Humes, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143884 (July 22, 1977) (Ryan, J.); Hlavaceckv. Bridgeport Hospital, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 324201 (March 6, 1996) (Ballen, J.) (20 Conn. Ops. 403); Davis v. Mount Sinai Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 539910 (January 31, 1995) (Wagner, J.) (13 CONN. L. RPTR. 456); Stapleton v. S.H.E. Medical Associates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 536586 (May 18, 1995) (Sheldon, J.) (1 Conn. Ops. 659);Scalise v. Bristol Hospital, supra, Superior Court, Docket No. 525217 (14 CONN. L. RPTR. 534); Casner v. Fine, Superior court, judicial district of Hartford/New Britain at New Britain, Docket No. 462895 (May 22, 1995) (Handy J.) (14 CONN. L. RPTR. 570); Tyrrellv. Cassell, supra, Superior Court, Docket No. 304981; Johnson v.Kaiser Foundation Health Plan, Superior Court, judicial district of New Haven at New Haven, Docket No. 031241 (May 18, 1994) (Gray, J.); Hall v. Mt. Sinai Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 516071 (January 27, 1993) (Hale, J.) (8 CONN. L. RPTR 262); Hyland v.State, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 398956 (August 6, 1992) (Aurigenma, J.) (7 CONN. L. RPTR. 222, 7 CSCR 1021). "Connecticut courts have noted that, when a child is injured due to negligent obstetrical care, the mother and child are joint victims of the malpractice, not separable entities. . . . A mother's concerns during delivery for her own welfare and that of her child are so interwoven as to be legally inseparable." (Citation omitted.) Smith v. Humes, supra, Superior Court, Docket No. 143884.[1]
A duty of proper obstetrical care is owed to a mother during childbirth, for breach of which the mother may recover for emotional distress. "Where the child remains a part of the mother's physical being, concerns for the child's welfare during CT Page 4771 delivery procedures are concerns for the mother's well being."Id. "In such a circumstance . . . there are two within the zone of danger and the doctor owes a duty to each. . . . [T]he plaintiff-mother [is] not a mere eyewitness or bystander to an injury caused by another but rather she [is] the one to whom a duty was directly owed by the obstetricians and the one who was directly injured by the physicians' breach of that duty." (Citations omitted; internal quotation marks omitted.) Id.; see also Britton v. Borelli, Superior Court, judicial district of Danbury, Docket No. 275933 (June 5, 1981) (Moraghan, J.) (claim by mother for emotional distress in a medical malpractice case where infant was injured in the birthing process found to be lawful);Davis v. Mt. Sinai Hospital, supra, Superior Court, Docket No. 539910 (13 CONN. L. RPTR. 456) (where "the injuries . . . took place at the birth of the injured minor plaintiff, the mother has a claim of damages because she is physically involved in the medical procedure and is owed a duty by the physician during this procedure").
In paragraphs 14 through 17 of the plaintiffs' complaint, the mother alleges that the defendant owed her a duty of care which it breached, resulting in injury to the infant. In paragraphs 22 through 25, the mother alleges that she witnessed the discrete event of the injury to the infant during birthing, and that she contemporaneously suffered severe emotional distress, and that such distress was foreseeable by the defendant. Thus, based on the foregoing discussion, the mother in the present case has sufficiently alleged facts to support a claim for emotional distress in this circumstance. Accordingly, the defendant's motion to strike count six of the complaint is denied.
CONCLUSION
In summary, the defendant Veterans Memorial Medical Center's motion to strike count six of the complaint for bystander emotional distress by the mother is denied, and the motion to strike count seven of the complaint for bystander emotional distress by the father is granted.
HARTMERE, J.