[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
In this action against the defendant obstetrician, the husband of the first named plaintiff alleges, in the third count, negligent infliction of emotional distress on him as a bystander as he witnessed the events of the childbirth which, the plaintiffs' claim, negligently caused damage to the plaintiff Heather Bond.
The defendant Kalla moves to strike the third count claiming that Connecticut does not recognize a claim for bystander emotional distress in the context of a medical malpractice action, citing Maloney v. Conroy, 208 Conn. 392 (1988). Plaintiff claims that Clohessy v. Bachelor, 237 Conn. 31 (1996), has recognized a claim for bystander emotional distress and if the third count of plaintiff's complaint complies with the four conditions set out in Clohessy v. Bachelor, supra, the cause of action for bystander emotional distress will stand. The court agrees with the plaintiff.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party] [has] stated a legally sufficient cause of action." Dodd v. Middlesex Mutual Assurance Company,242 Conn. 375, 378, 698 A.2d 859 (1997).
The court is aware that several Superior Court decision have indicated that Maloney v. Conroy forbids a bystander emotional CT Page 4409 distress claim in a medical malpractice context. See Wildman v.Connecticut Allergy and Asthma Associates, Docket No. 334473, 18 CONN. L. RPTR. 453, Superior Court, Judicial District of Fairfield, December 16, 1996; Tracy v. New Britain General Hospital, Docket No. 561434, 18 CONN. L. RPTR. 582, Superior Court, Judicial District of Hartford/New Britain at Hartford, January 23, 1997; Chabot v. DayKimball Hospital, Docket No. 053562, 19 CONN. L. RPTR. 250, Superior Court, Judicial District of Windham at Putnam, February 27, 1997.
Much is made of the fact that while Clohessy v. Bachelor
overruled the case of Strazza v. McKittrick, 146 Conn. 714
(1950), the Clohessy court declined to overrule Maloney, although the Clohessy opinion discusses Strazza and Maloney in the same context. The answer to this seeming anomaly is simple enough, once first principles are considered. Clohessy v. Bachelor
involved a pedestrian automobile accident and Maloney v. Conroy
had a fact pattern involving a relative of a patient who observed the patient failing through the course of the patient's hospital stay, but never experienced a contemporary sensory perception of the events or conduct that allegedly caused the injury. It would not have been jurisprudentially sound to have overruled Maloney
in the context of establishing a new cause of action for bystander emotional distress. There is nothing in the precise holding of Maloney v. Conroy which is inconsistent with the holding in Clohessy v. Bachelor. The fact pattern of Maloney v.Conroy would not, whether in a medical malpractice setting or not, pass muster under the Clohessy factors. Thus, the fact that our Supreme Court chose not to expressly overrule Maloney v.Conroy is of little significance. The court notes that many Superior Courts that have stricken counts for medical malpractice bystander emotional distress have done so in fact patterns that themselves would not have met the Clohessy factors.[1]
 Maloney was clearly bottomed on the holding in Strazza. OnceStrazza was overruled by Clohessy, Maloney cannot be read any more broadly than its fact pattern and precise holding permit.[2]
To argue, as the defendant does, that Maloney v. Conroy has "carved out an exception before the general rule was established" is to credit Justice David Shea, the author of the majority opinion in Maloney v. Conroy, with a prescience that even that learned jurist cannot have possessed.
It is the holding of this court, that when the four conditions of Clohessy v. Bachelor are well pleaded, the CT Page 4410 complaint will survive a motion to strike, whether or not that count is pleaded in the context of a medical malpractice action.
To turn to the specific count in question in this case, the plaintiff in that count pleads that he is the husband of the injury victim. He pleads that he contemporaneously observed the negligent conduct of the defendant during the delivery while the plaintiff was in the delivery room. The challenged third count pleads a serious physical injury to the victim, and further pleads a serious emotional injury to the plaintiff. Thus, construing the complaint in favor of the plaintiffs, as the court must, the court finds that the third count of plaintiffs' complaint states a valid cause of action under Connecticut law for negligent infliction of emotional distress. For that reason, the motion to strike is denied.
KOLETSKY, J.