[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE #102
On August 3, 1998, Angelique Pollard, individually (hereinafter the plaintiff) and as administratrix of the Estate of Jhaquille Allen, filed a three-count complaint against the defendant. This action arises out of the death of Jhaquille Allen, the plaintiff's son, which occurred on August 25, 1996 at Norwalk Hospital.
In count one of the complaint, the estate seeks damages for the death of Jhaquille Allen caused by the defendant's negligence. In count two, the plaintiff alleges a claim for loss of consortium as a result of her son's death. In count three, the plaintiff alleges that she has sustained mental and emotional injury as a result of having witnessed the defendant's alleged malpractice upon her son.
The defendant filed a motion to strike counts two and three of the plaintiff's complaint, accompanied by a memorandum of law, on September 25, 1998. The plaintiff filed an objection to the defendant's motion to strike, accompanied by a memorandum of law, on November 17, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to CT Page 2077 state a claim upon which relief can be granted." Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558
(1998). "A [motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings."Holler v. Buckley Broadcasting Corp., 47 Conn. App. 764, 768,706 A.2d 1379 (1998). In determining the sufficiency of a motion to strike, "the court is limited to the facts alleged in the complaint." Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). The facts alleged in the complaint must be construed in a light most favorable to the pleader. RKConstructors. Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,
supra, 240 Conn. 580. The plaintiffs recognize that a claim for loss of consortium between parent and child is not cognizable at the present time. Nevertheless, the plaintiffs argue that the facts in the present case may convince the Supreme Court to reconsider the reasoning of its decision in Mendillo v. Board ofEducation, 246 Conn. 456, 717 A.2d 1177 (1998).
In Mendillo, the Connecticut Supreme Court refused to recognize a claim for loss of parental consortium by a minor child resulting from a serious injury to the child's parent. Id., 477. Moreover, the court held that "there is nothing in reason to differentiate the parent's loss of the joy and comfort of his child from that suffered by the child." Id., 485 n. 20. "Although there are some distinctions between a parent's claim and a child's claim for loss of consortium, even considering the sweeping language of the court in Mendillo, it seems most unlikely that a parent could have a cause of action for loss of filial consortium while a child does not have a cause of action for loss of parental consortium." Blanchett v. Desper, Superior Court, judicial district at Waterbury, Docket No. 144050 (October 14, 1998, Shortall, J.); see also Rios v. Kozlowski, Superior Court, judicial district of Hartford, Docket No. 576510 (August 24, 1998, Teller, J.) (22 Conn. L. Rptr. 564); Hurt v. Brewer,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 163406 (August 28, 1998, D'Andrea, J.) (22 Conn. L. Rptr. 554). Therefore, based on the authority ofMendillo, the defendant's motion to strike count two is granted.
The defendant moves to strike count three on the ground that there is no cause of action for bystander emotional distress in the context of a medical malpractice claim. The plaintiff argues CT Page 2078 that several recent cases have recognized bystander emotional distress claims in medical malpractice actions.
There is a split of authority at the Superior Court level as to whether a cause of action for bystander emotional distress in medical malpractice actions is permissible. Bond v. Kalla,
superior Court, judicial district of New London at New London, Docket No. 543295 (April 13, 1998, Koletsky, J.)21 Conn. L. Rptr. 682, 682). In Maloney v. Conroy, 208 Conn. 392,545 A.2d 1059 (1988), the court held that there is no cause of action for bystander emotional distress in medical malpractice actions. Subsequently, in Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852
(1996), the court recognized a cause of action in bystander emotional distress under the rule of reasonable foreseeability provided the bystander satisfies certain limiting conditions.
"Since Clohessy, there has not been a definitive ruling by our Supreme Court as to whether Connecticut recognizes a cause of action for bystander emotional distress in medical malpractice actions that allege specific discrete circumstances of contemporaneous injury and conduct causing the injury. . . ."Martin v. Waradzin, Superior Court, judicial district of New Haven at New Haven, Docket No. 404366 (April 2, 1998, Hartmere,J.) (21 Conn. L. Rptr. 616, 617). One line of Superior Court cases holds that since Clohessy v. Bachelor expressly overruledStrazza v. McKittrick, 146 Conn. 714, 156 A.2d 149 (1959) and made no such expression with regard to the Maloney v. Conroy
holding, the Maloney v. Conroy case is still good law and therefore, no cause of action for bystander emotional distress in medical malpractice actions lies. See, e.g., Chabot v. DayKimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 053562 (February 27, 1997, Sferrazza, J.) (19 Conn. L. Rptr. 250); Tracy v. New Britain General Hospital,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 561434 (January 23, 1997, Wagner, J.T.R.) (18 Conn. L. Rptr. 582); Wildman v. Connecticut Allergy andAsthma Associates, P.C., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334473 (December 16, 1996,Levin, J.) (18 Conn. L. Rptr. 453).
The other line of cases holds that the court did not have to overrule Maloney v. Conroy, stating that "[m]uch is made of the fact that while Clohessy v. Bachelor overruled the case ofStrazza v. McKittrick, . . . the Clohessy court declined to overrule Maloney, although the Clohessy opinion discusses Strazza
CT Page 2079 and Maloney in the same context. . . . Clohessy v. Bachelor
involved a pedestrian automobile accident and Maloney v.Conroy . . . [involved] a relative of a patient who observed the patient failing through the course of the patient's hospital stay, but never experienced a contemporary sensory perception of the events or conduct that allegedly caused the injury. It would not have been jurisprudentially sound to have overruled Maloney
in the context of establishing a new cause of action for bystander emotional distress. There is nothing in the precise holding of Maloney v. Conroy which is inconsistent with the holding in Clohessy v. Bachelor. The fact pattern of Maloney v.Conroy would not, whether in a medical malpractice setting or not, pass muster under the Clohessy factors. Thus, the fact that our Supreme Court chose not to expressly overrule Maloney v.Conroy is of little significance." Bond v. Kalla, supra,21 Conn. L. Rptr. 682.
The court finds the line of cases recognizing a cause of action for bystander emotional distress in the medical malpractice contextmore persuasive.[1] Under Clohessy v.Bachelor, "[a] bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: (1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial chance has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." Clohessy v.Bachelor, supra, 237 Conn. 56. "[W]hen a complaint alleges a cause of action for bystander emotional distress, the complaint will survive a motion to strike even in the context of a medical malpractice action so long as the four conditions of Clohessy are well pleaded." Rios v. Kozlowski, Superior Court, judicial district of Hartford, Docket No. 576510 (August 24, 1998, Teller,J.) (22 Conn. L. Rptr. 564, 565); see also Constantino v. AveryCenter for Obstetrics and Gynecology, United States District Court, Docket No. 96CV85 (November 11, 1998, Eginton, J.) (holding that the father meets the four Clohessy factors since he is the child's father, who contemporaneously watched his son being dropped to the floor of the delivery room causing serious CT Page 2080 injury and whose response to this horrific event is not abnormal); Blanchett v. Desper, supra, Superior Court, Docket No. 144050 (upholding the husband's claim for bystander emotional distress where the husband was present at the child's delivery and observed the alleged malpractice); Bond v. Kalla, supra, Superior Court, Docket No. 543295 (holding that when the four conditions of Clohessy are well pleaded, the complaint will survive a motion to strike, whether or not that count is pleaded in the context of a medical malpractice action).
Here, the plaintiff alleges that she is the mother of the injury victim. (Count Three, ¶ 1). The plaintiff further alleges that she contemporaneously observed the negligent conduct of the defendant during the entire time her son remained under the defendant's care and that she suffered serious and substantial emotional distress as a result of being present in the emergency room and witnessing the death of her son. (Count Three, ¶¶ 18 — 20). Thus, the plaintiff has sufficiently alleged that she is closely related to the victim, that she suffered an emotional injury due to observing the defendant's negligence, that the victim died and that the plaintiff's injury was serious.[1]
Accordingly, as the plaintiff has sufficiently alleged the four conditions of Clohessy v. Bachelor to support a claim for bystander emotional distress, the motion to strike count three is denied.
DAVID W. SKOLNICK, JUDGE