[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 142)
This is a multi count medical malpractice action in which one of the defendants seeks to strike three counts of the claims against it. The plaintiffs allege the following facts in their complaint relevant to this motion. In May of 1995, Christine and Gregory Huhn learned that Christine was pregnant. From May 10, 1995 and thereafter, Women's Health Care of Trumbull, P.C. (Women's Health Care) rendered obstetrical care in connection with the pregnancy. The expected date of delivery was approximately January 8, 1996, and on January 2, 1996, Christine was admitted to the Bridgeport Hospital. During labor and delivery, Christine was treated by Leslie Goldstone-Orly, a licensed physician and an officer, executive, agent and/or employee of Women's Health Care.
The defendant, Goldstone-Orly, used a vacuum extraction procedure to deliver the baby. There were complications during delivery, including indications that the baby was not receiving CT Page 1918 an adequate amount of oxygen. Baby Michael Huhn was delivered on January 3, 1996. Michael suffered from a lack of oxygen and a skull fracture, among other injuries, which have caused Michael to sustain permanent brain damage.
On October 6, 1998, the plaintiffs Gregory and Christine Huhn, individually and as the parents and next friends of Michael Huhn, filed a twelve count second revised complaint against the defendants Leslie Goldstone-Orly, Women's Health Care and Bridgeport Hospital. The plaintiffs allege medical malpractice, loss of services, loss of consortium and bystander emotional distress.
Bridgeport Hospital has filed a motion to strike counts six, eight and ten of the plaintiff's second revised complaint. The plaintiffs have filed a timely objection thereto.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). For the purpose of a motion to strike, the moving party admits all facts well pleaded. RK Constructors v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). And, if facts provable in the complaint would support a cause of action, the motion to strike must be denied. Moreover, what is necessarily implied in an allegation need not be expressly alleged. Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998).
 A Count Six — Loss of Filial Consortium
In count six, Christine and Gregory Huhn allege that as a result of the negligence of Bridgeport Hospital, they have been deprived of the comfort, association and services of their son, Michael Huhn. Bridgeport Hospital argues that this count is legally insufficient because Connecticut does not recognize a cause of action for loss of filial consortium.
The Supreme Court has recently declined to recognize a claim for loss of parental consortium by a minor child resulting from a serious injury to the child's parent. Mendillo v. Board ofEducation, 246 Conn. 456, 477, 717 A.2d 1177 (1998). One Superior Court decision has reasoned that the Mendillo holding relating to a child's right of action for loss of consortium should be CT Page 1919 extended to a parent's right to such relief.
 "Although there are some distinctions between a parent's claim and a child's claim for loss of consortium, even considering the sweeping language of the Court in Mendillo, it seems most unlikely that a parent could have a loss of filial consortium while a child does not have a cause of action for loss of parental consortium." Blanchette v. Desper, Superior Court, judicial district of Waterbury, Docket No. 144050 (October 19, 1998, Shortall, J.) (emphasis added).
This position appears to be supported by the case of Mahoney v.Lensink where the appellate court stated that "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship . . ." (Citation omitted.) Mahoney v. Lensink,17 Conn. App. 130, 141, 55 A.2d 1088 (1988), rev'd on other grounds,213 Conn. 548, 569 A.2d 518 (1990).
Accordingly, this court concludes that under Connecticut law there is no cause of action for loss of filial consortium, and the defendant's motion to strike count six must therefore be granted.
 B Counts Eight and Ten — Bystander Emotional Distress
In counts eight and ten, Christine and Gregory Huhn respectively allege that they suffered emotional distress as a result of observing the negligent conduct of the defendants during their son's delivery. The defendant, Bridgeport Hospital, argues that the plaintiffs have not adequately stated claims for bystander emotional distress because Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice context.
The defendant relies upon Maloney v. Conroy, 208 Conn. 392,545 A.2d 1059 (1988). In Maloney, the plaintiff daughter alleged that she observed her mother's health condition deteriorate while under the care of the defendant physicians. See id., 397. The plaintiff asserted a claim for bystander emotional distress based upon the defendants' alleged negligence. See id., 393. The court held that Connecticut does not recognize a cause of action for bystander emotional distress in the context of a medical CT Page 1920 malpractice action. See id., 402.
At the time of the Maloney decision, Connecticut followed the rule of Strazza v. McKittrick, 146 Conn. 714, 156 A.2d 149
(1959), and did not allow claims for bystander emotional distress. The Maloney court, after noting that there was a trend in other jurisdictions toward allowing bystander recovery, stated: "Whatever may be the situation in other contexts where bystander emotional distress claims arise, we are convinced that, with respect such claims arising form malpractice another person, we should return to the position we articulated in Strazza that `there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.'"Maloney v. Conroy, supra, 208 Conn. 402, quoting Strazza v.McKittrick, supra, 146 Conn. 719.
The plaintiff, however, relies upon Clohessy v. Bachelor,237 Conn. 31, 675 A.2d 852 (1996), to argue that Maloney no longer should be read so broadly as to disallow all claims for bystander emotional distress in a medical malpractice context. In Clohessy, the issue was whether the plaintiff parent and brother could recover for emotional distress suffered as a result of witnessing the parent's other young child being fatally injured in a car accident. See id., 32. The court in Clohessy held: "We believe the time is ripe to recognize a cause of action for bystander emotional distress. . . . Accordingly, we now overrule Strazza to the extent that it conflicts with our opinion in this case."Clohessy v. Bachelor, supra, 237 Conn. 46.
There is a split of authority in the Superior Court as to whether Connecticut allows a cause of action for bystander emotional distress in medical malpractice cases. See McCartney v.Culvahouse, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 166468 (February 19, 1999, Mintz, J.). In cases where claims for bystander emotional distress in medical malpractice actions are not allowed, the decisions often note that while Clohessy explicitly overruled Strazza, Clohessy did not expressly overrule Maloney. See, e.g., McCartney v.Culvahouse, supra, Superior Court, Docket No. 166468.
In cases that recognize a cause of action for bystander emotional distress in the medical malpractice context, the court has found that Clohessy "did not have to overrule Maloney v.Conroy. . . ." Pollard v. Norwalk Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 355354 CT Page 1921 (February 18, 1999, Skolnick, J.). The court stated that:
 "`[m]uch is made of the fact that while Clohessy v. Bachelor overruled the case of Strazza v. McKittrick, . . . the Clohessy court declined to overrule Maloney, although the Clohessy decision discusses Strazza and Maloney in the same context. . . . Clohessy v. Bachelor involved a pedestrian automobile accident and Maloney v. Conroy . . . [involved] a relative of a patient who observed the patient failing through the course of the patient's hospital stay, but never experienced a contemporary sensory perception of the events or conduct that allegedly caused the injury. It would not have been jurisprudentially sound to have overruled Maloney in the context of establishing a new cause of action for bystander emotional distress. There is nothing in the precise holding of Maloney v. Conroy which is inconsistent with the holding in Colohessy v. Bachelor. The fact pattern of Maloney v. Conroy would not, whether in a medical malpractice setting or not, pass muster under the Clohessy factors. Thus, the fact that our Supreme Court chose `not to expressly overrule Maloney v. Conroy is of little significance.'" (Emphasis added.) Pollard v. Norwalk Hospital, supra, Superior Court, Docket No. 355354, quoting Bond v. Kalla, Superior Court, judicial district of New London at New London, Docket No. 543295 (April 13, 1998, Koletsky, J.) (21 Conn. L. Rptr. 682).
This court is of the opinion that the case for recognizing a cause of action for bystander emotional distress in the medical malpractice context is more persuasive. Maloney was clearly bottomed on the holding in Strazza. Once Strazza was overruled byClohessy, Maloney cannot be read any more broadly than its fact pattern and its precise holding would permit. Bond v. Kalla, supra, 21 Conn. L. Rptr. 682. Although the court in Clohessy
addressed the concerns of the Maloney court regarding emotional distress claims in medical malpractice actions, it clearly alluded to the distinction between the onset of gradual distress and distress contemporaneous with the alleged tortious conduct. The court in Clohessy stated:
 "Central to this court's concern in . . . Maloney, was that the etiology of emotional disturbance is usually CT Page 1922 not readily apparent as that of a broken bone following an automobile accident . . . . The problem is compounded when the underlying act of negligence with respect to the victim is medical malpractice because there generally is no significant observable sudden traumatic event by which the effect upon the bystander can be judged. For this precise reason most courts have recognized that a cause of action for bystander emotional distress must be confined in order to avoid limitless liability." (Emphasis added; internal quotation marks omitted.) Clohessy v. Bachelor, supra, 237 Conn. 44.
Therefore, if the plaintiffs state a claim for bystander emotional distress as set forth in Clohessy, the plaintiffs' complaint will survive a motion to strike.
To state a claim for bystander emotional distress under theClohessy standard, the plaintiff must allege the following four elements:
 "(1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." Clohessy v. Bachelor, supra, 237 Conn. 56.
There is no question but that the plaintiffs have sufficiently alleged elements one, three and four as required inClohessy.[1] In regard to the second element, that the emotional injury be contemporaneous with the sensory perception of the injury/negligent act, there is no express allegation to this effect. There is an allegation that both plaintiffs were present when the baby was delivered and that the baby was blue, not breathing and had to be resuscitated with an oxygen mask and mechanical ventilation (paragraph 27). These are observations CT Page 1923 that could be reasonably inferred to have occurred contemporaneously with at least some of the acts of negligence alleged in paragraph 56 of their complaint. Ferryman v. Groton, supra, 142. Pamela B. v. Ment, supra, 308. Consequently, these allegations with their necessary inferences do fulfill the requirements of standard two as enunciated by Clohessy v.Bachelor, supra, 237, and if provable, would support a cause of action for bystander emotional distress. Pamela B., Id.
For the foregoing reasons, defendant's motion to strike count six is hereby GRANTED; defendant's motion to strike counts eight and ten is hereby DENIED.
MELVILLE, J.