[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE FIFTH AND SIXTH COUNTS
Plaintiffs, Simone Meihado and her mother, Myrtella Melhado, have brought this nine count complaint against the defendants, Saint Francis Hospital Medical Center, Robert J. Gfeller, M.D., and Michael J. Barsoom, M.D., alleging malpractice in connection with the birth of Simone in August, 1997. Counts five and six of the complaint are brought against Gfeller by the mother for negligence and negligent infliction of emotional distress, respectively. Gfeller has filed this motion to strike on the ground that both counts are legally insufficient.
 -I-
In the fifth count in which the mother alleges negligence by Gfeller, attending physician, he argues that a parent may not bring an action in her individual capacity for recovery of expenditures when count four already claims negligence against him on behalf of the minor child. Plaintiffs argues that count five seeks recovery only for expenditures associated with the child's injuries, whereas count four makes no claim for expenditures.
General Statutes § 52-204 provides that: "In any civil action arising out of personal injury . . . as a result of which personal injury . . . the . . . parent of the plaintiff has made or will be compelled to make expenditures or has contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such . . . parent.
Although General Statutes § 52-204 authorizes the recovery of medical expenses in an action solely [on] behalf of the injured child and makes the recovery in such action a bar to any claim by the parent for such expenses, the statute does not mandate that procedure. Dzenutis v.Dzenutis, 200 Conn. 290, 308 (1986). In that case our Supreme Court stated, "When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as a loss of services and expenses, caused by the injury to the child." An injured child's parents may bring a claim for consequential expenses in a separate count although the child herself also brings a claim for compensation for her personal injuries in the same action. Krause v. Almor Homes, Inc., 147 Conn. 333, 335-36 (1960). CT Page 8102 General Statutes § 52-204 simply prevents double recovery for the same expenses. Burns v. Stauder, Superior Court, judicial district of Tolland at Rockville, Docket No. 70421 (October 13, 1999, Zarella, J.).
Paragraph nine of the fourth count alleges that "[a]s a further result of the defendant's deviations from the applicable standard of care, the minor plaintiff, Simone Melhado, has required and, in the future, will continue to require, hospital, medical, nursing and rehabilitative services, medical and pharmaceutical supplies, all to her further loss and detriment." Paragraph nine of the fifth count alleges that "[a]s a further result of the defendant's deviations from the applicable standard of care, the plaintiff, Myrtella Melhado, has been forced to incur financial obligations on behalf of her minor daughter, Simone Melhado, for hospital and medical care and treatment, diagnostic studies, x-rays, rehabilitative therapy, medicines and the like, and will be forced to incur further such sums in the future."
Although in need of some slight revision, there appears to be sufficient distinction between the child's claim for future losses in the fourth count and the mother's claim for actual expenses in the fifth count to sustain the sufficiency of each count.
 -II-
As to the sixth count, in which the mother alleges negligent infliction of emotional distress, Gfeller argues that a claim for third party emotional distress is not recognized in a medical malpractice action, relying on Maloney v. Conroy, 208 Conn. 392, (1988). While our Supreme Court in Maloney held that a bystander to medical malpractice may not recover for emotional distress, the plaintiffs argue that a mother is not, nor did she allege that she was, a bystander during the birth of her own child but a participant
Recent Superior Court decisions have recognized that a woman in labor is a participant rather than a bystander of that event, permitting the mother a direct claim for emotional distress. See Stenglein v. Manfredi, Superior Court, judicial district of Hartford, Docket No. 586779, (May 18, 1999, Sullivan, J.); Manville v. Williams, Superior Court, judicial district of Tolland at Rockville, Docket No. 65055 (April 8, 1998, Sullivan, J.); DelVecchio v. Flagg, Superior Court, judicial district of Hartford, Docket No. 543295 (April 13, 1998, Fineberg, J.); McCartney v.Culvahouse, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 166468 (February 19, 1999, Mintz, J.); Smith v.Humes, Superior Court judicial district of Stamford-Norwalk at Stamford, Docket No. 143884 (July 22, 1997, Ryan, J.); see also Hyland v. State, Superior Court, judicial district of Hartford-New Britain at New CT Page 8103 Britain, Docket No. 0398956 (August 6, 1992, Aurigemma, J.) (7 Conn.L.Rptr. 222, 7 C.S.C.R. 1021); Santilli v. Kharma, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 77057 (March 27, 1987, Healey, J.) (2 C.S.C.P. 446).
While this Court in an earlier decision Tracy v. New Britain GeneralHospital, 18 CLR 582 No. CV 96 561434, judicial district of Hartford-New Britain at Hartford (January 23, 1997, Wagner, JTR) held in the absence of legislative or appellate authority that a mother's claim for emotional damages could not be maintained in a malpractice action, the above cited decisions are persuasive in permitting the mother in birthing circumstances to allege a tort directly against the physician. It is concluded that the mother's claim for negligent infliction of emotional damages sustained in the process of birthing states a sufficient cause of action.
Motion to Strike Fourth and Fifth Counts denied.
 Wagner, J. TJR