[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 7, 2000, the plaintiffs, Gavin Johnson and Melissa Johnson, individually and as parent and next friend of Molly Johnson, filed a medical malpractice suit against the defendants, Day Kimball, Hospital of Windham County, Inc. (Day Kimball), Ronald Archibold, M.D., and the Women's Health Center of Putnam, Connecticut, P.C. Day Kimball filed a motion to strike the third count of the complaint by the plaintiff, Melissa Johnson, which alleges that the negligence of Day Kimball caused Melissa Johnson severe emotional distress during the labor and delivery of her child, Molly Johnson.
The relevant facts are as follows. The minor plaintiff, Molly Johnson, was an unborn child being carried in the womb of her mother. On or about July 10, 1999, Melissa Johnson was admitted to Day Kimball "for care, supervision and management of her labor, and for care, supervision, management and delivery of her unborn child. (Complaint, Third Count, ¶ 4.) Day Kimball "had undertaken to provide maternity services and care for, manage and supervise and assist the obstetrical physician(s) in the labor and delivery of Melissa Johnson and her unborn child, Molly Johnson, the minor plaintiff, using due, reasonable, and proper care in all regards." (Complaint, Third Count, ¶ 5.) Day Kimball failed to adequately and properly provide maternity services and knew or should have known that their actions during labor and delivery were likely to cause an unreasonable risk of emotional distress. Further, Day Kimball knew or should have known that Melissa Johnson was likely to suffer illness or bodily harm as a result of the emotional distress. Additionally, Melissa Johnson alleges that she has, in fact, suffered severe psychological and emotional distress due to the negligent care given by Day Kimball during labor and delivery.
On October 24, 2000, Day Kimball filed a motion to strike the third count of the plaintiffs' complaint on the ground that it fails to state a legally cognizable cause of action. Specifically, it moves on the ground that count three actually sets forth a claim of bystander emotional distress, which is not a legally cognizable cause of action in a medical malpractice case. As required by Practice Book § 10-42, Day Kimball has filed a memorandum in support of its motion to strike, and Melissa Johnson has timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) CT Page 1490Peter-Michael, Inc v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . .If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
Day Kimball argues that Melissa Johnson's claim of negligent infliction of emotional distress is actually a claim for bystander emotional distress, which is not a legally cognizable cause of action in a medical malpractice case. In support of its argument, Day Kimball cites to the Supreme Court case Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059
(1988), and argues that Maloney remains the controlling authority in cases where negligent infliction of emotional distress and bystander emotional distress are alleged in the medical malpractice context.
Melissa Johnson argues that a mother is not a bystander at the birth of her own child. She further argues that "there are fundamental distinctions between the facts of Maloney and the situation of emotional injury to a mother at childbirth." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike, p. 5.) Melissa Johnson contends that there is a direct care provider-patient relationship that exists between the mother and the hospital, and there is a physical relationship between mother and child during most or all of the conduct which results in the ultimate injury. Furthermore, she asserts that she has a valid cause of action for emotional distress arising from the negligent performance of a medical procedure on her own body.
Day Kimball's argument that Maloney v. Conroy, supra, 208 Conn. 392, controls in this case is unpersuasive. In Maloney, supra, the plaintiff was seeking damages for severe emotional disturbance alleged to have resulted from the malpractice of the defendants in treating her mother. Id., 393. The court held that "a bystander to medical malpractice may not recover for emotional distress. . . ." Id. The court stated that "we are convinced that, with respect to such claims arising from malpractice on another person . . . there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Id., 402. The court also stated that "[t]o allow recovery by one, like the plaintiff, who has been more or less constantly at the bedside of the malpractice victim during the treatment is likely to cause hospitals and other medical treatment facilities to curtail substantially the extent of visitation of patients that is presently permitted." Id. Additionally, the court found that "medical personnel may feel obligated to respond to the usually uninformed complaints of visitors concerning the treatment of patients more for fear of stimulating emotional CT Page 1491 disturbances upon the part of the visitors than because of the merits of the complaint." Id., 403.
In the present case, Melissa Johnson alleges "that Day Kimball knew or should have known their actions during the labor and delivery of the plaintiff, Melissa Johnson and her child, Molly Johnson, were likely to cause unreasonable risk of emotional distress to the plaintiff Melissa Johnson and that the distress that was caused might result in illness or bodily harm to the plaintiff, Melissa Johnson." (Complaint, Third Count, ¶ 13.) Melissa Johnson further alleges that as a. result of Day Kimball's deviations from the applicable standard of care "the plaintiff Melissa Johnson has suffered severe psychological and emotional distress due to the negligent care given at Molly's delivery including her awareness of a threat to her own physical and emotional well being and her fears for her own future health and fears related to any future pregnancy." (Emphasis added.) (Complaint, Third Count, ¶ 14.) The concerns expressed by the Supreme Court in Maloney v. Conroy, supra,208 Conn. 392, are not present in this case because Melissa Johnson is alleging harm to herself as a result of Day Kimball's negligence during labor and delivery. Day Kimball's reliance on Maloney v. Conroy, supra, is misplaced because Melissa Johnson is not a bystander, but a patient to whom Day Kimball owed a duty of care.
Day Kimball also cites several other cases in support of its argument that the plaintiff's claim for negligent infliction of emotional distress is not allowed in a medical malpractice action. The cases cited by Day Kimball do not persuade the court that Melissa Johnson cannot bring a claim for negligent infliction of emotional distress for harm caused by the alleged negligence of Day Kimball during the labor and delivery of her child. For example, Day Kimball also relies upon SanAngelo v. Lewis, Superior Court, judicial district of Waterbury, Docket No. 132931 (October 4, 1996, Fineberg, J.) (17 Conn. L. Rptr. 689). In SanAngelo, the court struck the third count of the complaint that alleged "the plaintiff . . . has suffered severe mental anguish, pain and suffering as the result of visualizing and being aware of trauma to which her baby . . . was negligently subjected." Id. The court granted the motion to strike because the plaintiff was claiming emotional distress as a result of the negligent treatment of her baby, not herself.
In the present case, Melissa Johnson is alleging distress resulting from harm caused to herself by the actions of Day Kimball during childbirth. Thus, it is distinguishable from SanAngelo v. Lewis, supra,17 Conn. L. Rptr. 689, where the mother was alleging distress as result of "visualizing" harm to her child rather than alleging distress as a result of harm to herself. CT Page 1492
Day Kimball also cites to Chabot v. Day Kimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 053562 (February 27, 1997, Sferrazza, J.) (19 Conn.L.Rptr 250). Upon reviewingChabot, however, the court finds that it actually supports the plaintiff's ability to bring a claim for emotional distress in this case. The court, in Chabot, refused to strike the mother's emotional distress claim holding that, "[t]o the extent that the emotional distress claimed in this count derives from deficient treatment of the mother herself it is not `bystander' distress, but is compensable as flowing from medical malpractice perpetrated upon her person." Id., 251. Similarly, in the present case, Melissa Johnson seeks damages for the emotional and physical harm she suffered as a result of Day Kimball's alleged negligence, not the harm suffered by her daughter.
"Numerous Superior Court cases have considered whether a mother may recover for emotional distress damages for the injury or death of a child resulting from medical malpractice in the prenatal and delivery periods."Patel v. Norwalk Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 164457 (February 9, 2000,Lewis, J.) (26 Conn. L. Rptr. 444). "The majority of the Superior Court cases that have considered the issue have ruled that a mother is not a bystander respecting matters that are incident to prenatal care and the delivery of her child." (Internal quotation marks omitted.) Id. "[A] woman in labor is a participant rather than a bystander of that event, permitting the mother a direct claim for emotional distress." Melhado v.Saint Frances Hospital Medical Center, Superior Court, judicial district of Hartford, Docket No. 591284 (July 7, 2000, Wagner, J.T.R.) (27 Conn. L. Rptr. 492).
Many of the Superior Court cases that have addressed this issue have found that a duty is owed to both the mother and child in childbirth. "A duty of proper obstetrical care is owed to a mother during childbirth, for breach of which the mother may recover for emotional distress. Where the child remains a part of the mother's physical being, concerns for the child's welfare during delivery procedures are concerns for the mother's well being. . . . In such a circumstance . . . there are two within the zone of danger and the doctor owes a duty to each . . . [T]he plaintiff-mother [is] not a mere eyewitness or bystander to an injury caused by another but rather she [is] the one to whom a duty was directly owed by the obstetricians and the one who was directly injured by the physicians' breach of that duty." (Citation omitted; internal quotation marks omitted.) Martin v. Waradzin, Superior Court, judicial district of New Haven at New Haven, Docket No. 404366 (April 2, 1998, Hartmere, J.) (21 Conn. L. Rptr. 616, 618).
"The very term `delivery' presupposes that the mother is an active CT Page 1493 participant in the birthing of a child. To hold otherwise would be to reject the entire human experience, everywhere and at all times."Manville v. Williams, Superior Court, judicial district of Tolland, Docket No. 065055 (April 8, 1998, Sullivan, J.) (21 Conn. L. Rptr. 654, 656). In Manville, the court found that the plaintiff was "not a mere bystander in the birth of [her] child. She is a participant in the birthing process. It is obvious that a physician owes to a birthing mother a duty of reasonable care to render reasonable medical services throughout the course of birthing." Id.
In McCartney v. Culvahouse, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 166468 (February 19, 1999,Mintz, J.), the defendant argued "that under Maloney v. Conroy, supra,208 Conn. 392, the plaintiff mother cannot assert a claim for bystander emotional distress and that even if there is a viable claim it is precluded by the fact that the mother was under general anaesthetic." The court held, however, that the "defendant's arguments hold no merit. Connecticut courts have noted that, when a child is injured due to negligent obstetrical care, the mother and child are joint victims of malpractice, not separable entities. . . ." (Internal quotation marks omitted.) Id. "Moreover a duty of proper obstetrical care is owed to the mother during the prenatal and delivery periods." Id.
In Golymbieski v. Equia, Superior Court, judicial district of Waterbury, Docket No. 125140 (May 22, 1997, Fasano, J.) (19 Conn. L. Rptr. 563), the defendant argued "that the mother is a bystander under the circumstances of this complaint and Maloney v. Conroy,208 Conn. 392 (1988) controls, precluding any recovery for bystander emotional distress in medical malpractice cases." The court stated that "[t]o suggest that a mother engaging in the process of labor and delivery is a bystander to the event, or to try to sever out concerns for her own well-being versus concerns for the child within her, defies logic and reason. A mother's concerns during delivery for her own welfare and that of her child are so interwoven as to be legally inseparable." Id. The court held that "since the plaintiff is not a bystander, she must allege . . . that the defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress; and that the distress, if caused, might result in illness or bodily harm." (Citation omitted.) Id., 563-64.
Melissa Johnson is asserting a claim for negligent infliction of emotional distress for the harm she suffered as a result of Day Kimball's alleged negligence. Day Kimball incorrectly argues that the third count is a bystander emotional distress claim. Melissa Johnson has alleged sufficient facts to support a claim for negligent infliction of emotional CT Page 1494 distress in the third count of her complaint. Accordingly, Day Kimball's motion to strike the third count of the complaint is denied.
Foley, J.