[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In the context of a medical malpractice action by the parents of a stillborn child, the defendant has moved to strike claims for bystander emotional distress and loss of filial consortium. For the reasons that follow, the motion is denied as to the father's bystander emotional distress claim and granted as to the filial consortium claim.
 I. FACTUAL AND PROCEDURAL HISTORY
This case arises from the alleged negligence of the defendant CT Page 1958 in connection with the obstetrical care and treatment of the plaintiff mother during labor and delivery, which resulted in the stillbirth of the child. By way of a four-count substitute complaint dated April 23, 1998, the plaintiffs, Nancy Jo Rios, as administratrix of the estate of her son Dalton Rios and individually, and Monserrate Rios, Jr., the father of the decedent, brought an action for money damages against the defendant, Derek Kozlowski, M.D., for his alleged negligence during the birth of their child.
Specifically, the complaint alleges that on April 16, 1997, Nancy entered the second stage of labor and was under the care and treatment of the defendant. The defendant allegedly partially delivered the plaintiffs decedent, Dalton Rios, and made a number of unsuccessful attempts to fully deliver the child. When Nancy finally gave birth, the plaintiffs decedent was stillborn. The plaintiffs allege that the fatal injuries and losses suffered by the decedent were caused by the negligence of the defendant.
The complaint alleges claims for wrongful death, negligent infliction of emotional distress and for loss of filial consortium. The defendant now moves to strike counts two,[1] three and four of the complaint. The defendant filed a memorandum of law in support of his motion to strike and the plaintiffs have filed a memorandum of law in opposition.
 II. DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded . . ." (Citations omitted.)RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383n.2, 650A.2d 153 (1994). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied."Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996).
CT Page 1959 A. BYSTANDER EMOTIONAL DISTRESS
The defendant moves to strike count three on the ground that the plaintiff father's claim for negligent infliction of emotional distress for injury to his child is legally insufficient. Specifically, the defendant argues that count three is legally insufficient because Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice case. The defendant relies on the case of Maloney v.Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), to support his argument. The plaintiffs argue that count three alleges a legally sufficient claim for bystander emotional distress under the test set forth in Clohessy v. Bachelor, 237 Conn. 31. 56, 675 A.2d 852
(1996). The plaintiffs argue that when the four elements of Clohessy are well pleaded, the complaint will survive a motion to strike even when the count is pleaded in the context of a medical malpractice action.
In Maloney v. Conroy, supra, 208 Conn. 393, the issue before the court was whether one who is closely related to a victim of alleged medical malpractice may recover for severe emotional distress resulting from observing the malpractice perpetrated on the victim. In Maloney, the plaintiff claimed to have sustained severe emotional distress as a result of being present at her mother's bedside and watching her mother's health deteriorate due to the alleged malpractice of the defendants. In declining to allow the plaintiff, a bystander to medical malpractice, to recover for emotional distress, the court held that "the recognition of a cause of action under the circumstances pleaded in the complaint would have consequences detrimental to the community as a whole that outweigh the benefit a few hypersensitive individuals would be likely to derive from permitting such an action to proceed." Id., 404 "[W]hatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to claims arising from malpractice on another person, we should return to the position we articulated in Strazza [v. McKittrick,146 Conn. 714, 156 A.2d 149 (1959),] that `there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.' . . ." (Citations omitted.) Id., 402.
In Clohessy v. Bachelor, supra, 237 Conn. 46, our Supreme CT Page 1960 Court recognized a cause of action for bystander emotional distress in limited circumstances. The court held that a plaintiff may recover for bystander emotional distress under the rule of reasonable foreseeability if the plaintiff-bystander satisfies the following conditions: "(1) he or she is closely related to the injury victim . . .; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location: (3) the injury of the victim must be substantial, resulting in his or her death of serious physical injury, and (4) the bystander's emotional injury must be serious . . ." Id., 56.
In recognizing a cause of action for bystander emotional distress, the court in Clohessy expressly overruled Strazza v.McKittrick, supra, 146 Conn. 714. Despite its reliance onStrazza, however, Maloney was not expressly overruled byClohessy. As a result, a number of Superior Court decisions have held that because Maloney remains good law, bystander emotional distress claims are precluded in all medical malpractice actions.[2]
I decline to read Maloney so broadly. In Maloney, "the complaint did not allege that the plaintiff had suffered an injury contemporaneous with the sensory perception of the alleged negligent conduct of the defendants or that the defendants had committed any positive act impacting contemporaneously upon her . . . the alleged negligent conduct consisted of a failure to act." Maloney v. Conroy, supra, 208 Conn. 396. The court inClohessy addressed the concerns articulated in Maloney regarding emotional distress claims in medical malpractice actions. "Central to this court's concern in . . . Maloney was that the etiology of emotional disturbance is usually not readily apparent as that of a broken bone following an automobile accident . . . The problem is compounded when the underlying act of negligence with respect to the victim is medical malpractice because there generally is no significant observable sudden traumatic event by which the effect upon the bystander can be judged. For this precise reason most courts have recognized that a cause of action for bystander emotional distress must be confined in order to avoid limitless liability." (Citations omitted; internal quotation marks omitted.) Clohessy v. Bachelor, supra,237 Conn. 44. Accordingly, the court fashioned a test that requires a bystander seeking to recover for emotional distress to show a contemporaneous sensory perception of the death or injury. This CT Page 1961 factor was not present in Maloney.
"Much is made of the fact that while Clohessy v. Bachelor
overruled the case of Strazza v. McKittrick. 146 Conn. 714
(1950), the Clohessy court declined to overrule Maloney, although the Clohessy opinion discusses Strazza and Maloney in the same context . . . There is nothing in the precise holding of Maloneyv. Conroy which is inconsistent with the holding in Clohessy v.Bachelor. The fact pattern of Maloney v. Conroy would not, whether in a medical malpractice setting or not, pass muster under the Clohessy factors. Thus, the fact that our Supreme Court chose not to expressly overrule Maloney v. Conroy is of little significance." Bond v. Kalla, Superior Court, judicial district of New London at New London, Docket No. 543295 (April 13, 1998) (Koletsky, J.) (21 CONN. L. RPTR. 682). "Maloney was clearly bottomed on the holding in Strazza. Once Strazza was overruled byClohessy, Maloney cannot be read any more broadly than its fact pattern and precise holding permit." Id.
I agree with Judge Koletsky that when a complaint alleges a cause of action for bystander emotional distress, the complaint will survive a motion to strike even in the context of a medical malpractice action so long as the four conditions of Clohessy are well pleaded. See Bond v. Kalla, supra, 21 CONN. L. RPTR. 682. In the present case, count three of the complaint satisfies the four-part test of Clohessy. Count three alleges that the plaintiff, Monserrate Rios, Jr., is the father of the injury victim. Count three further alleges that the plaintiff contemporaneously observed the negligent conduct of the defendant during the delivery of his son and that he suffered severe emotional distress as a result of being present in the delivery room and witnessing the threat to the physical well-being of his wife and child. Count three also alleges a serious physical injury to the victim, who was stillborn. Accordingly, because count three alleges a legally sufficient claim for bystander emotional distress, the motion to strike this count fails and is denied.
 B. LOSS OF FILIAL CONSORTIUM
The defendant moves to strike the plaintiffs' claim in count four for loss of filial consortium. Our Supreme Court recently declined to recognize a cause of action for loss of parental CT Page 1962 consortium in Mendillo v. Board of Education, Supreme Court, Docket No. 15757 (August 14, 1998). I conclude that the Supreme Court's decision in Mendillo applies equally to a claim for loss of filial consortium as alleged in the present case.
In declining to recognize a derivative claim for loss of consortium outside the spousal relationship, the court inMendillo explained that "if we were to recognize the claim as asserted by the minor plaintiffs — i.e., limited to loss ofparental consortium suffered by minor plaintiffs resulting fromserious injury to the parent — we would have to impose arbitrary limitations on the scope of the cause of action in order to avoid the creation of a practically unlimited class of potential plaintiffs. In the constellation of family relationships, there are other formally recognized relationships e.g., siblings, grandparent and grandchild, and aunt or uncle and nephew or nieces — and others, less formally recognized but nonetheless just as real in an emotional sense . . . that could well, depending on the case, present equally strong claims of loss of consortium." Mendillo v. Board of Education, supra,
Supreme Court, Docket No. 15757. The court further explained that with respect to a claim for loss of filial consortium, "there is nothing in reason to differentiate the parent's loss of the joy and comfort of his child from that suffered by the child." Id.
Thus, the court held that "the uncertainty of its social benefits, when weighed against the likelihood of its social costs, argues persuasively against recognition of a cause of action [for loss of parental consortium]." Id.
The plaintiffs in Mendillo argued by analogy to the court's recognition of a valid claim for loss of spousal consortium inHopson v. St. Mary's Hospital, 176 Conn. 485, 487, 408 A.2d 260
(1979), and they urged the court to take the next step fromHopson's protection of the spousal relationship to protection of similar aspects of the parent-child relationship. In rejecting this argument, the court held that "although the analogy toHopson has some appeal because the loss of spousal consortium bears some resemblance to the loss of parental consortium asserted in the present case, and because the parent-child relationship may well be as commanding of legal protection in many respects as the spousal relationship, there are also significant differences between the two." Mendillo v. Board ofEducation, supra, Supreme Court, Docket No. 15757. The court concluded "that the balance of interests lies in declining to recognize a cause of action for loss of parental consortium by a CT Page 1963 minor child." Id. Accordingly, because Connecticut does not recognize a claim for loss of consortium outside the marital relationship, the plaintiffs' claim in count four for loss of filial consortium must fail and the motion to strike must be granted.
Even if the court were to view the decision in Mendillo as limited to claims for loss of parental consortium as opposed to claims for loss of filial consortium, the claim in count four must nevertheless fail. The plaintiffs' child was stillborn. Thus, the plaintiffs' claim in count four sounds in postmortem loss of consortium. See Shattuck v. Gulliver, 40 Conn. Sup. 95,98, 481 A.2d 1110 (1994) (holding that because the plaintiffs' son was stillborn, they could not recover for antemortem loss of consortium). Our Supreme Court has repeatedly held that damages resulting from death are recoverable only as authorized by statute. Lynn v. Haybuster Manufacturing, Inc., 226 Conn. 282,295, 627 A.2d 1288 (1993); Ladd v. Douglas Trucking Co.,203 Conn. 187, 196-97, 523 A.2d 1301 (1987). General Statutes § 52-555a specifically recognizes a statutory cause of action for postmortem loss of consortium by a spouse. The legislature, however, has yet to enact similar legislation recognizing a parent's claim for loss of consortium upon the death of a child. Absent such legislation, the parents' claim for loss of filial consortium in count four must fail. Accordingly, the motion to strike count four is granted.
 CONCLUSION
For the foregoing reasons, the motion to strike count three is denied and the motion to strike count four is granted.
TELLER, J.