[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action alleging medical malpractice on the part of the physician who delivered the minor plaintiff and the hospital where he was born. The plaintiffs are the child, acting through his parents, and the parents, who seek damages from both defendants for the allegedly negligent infliction of emotional distress during the birth of their son and the loss of their son's consortium allegedly resulting from the very grievous injuries he suffered during childbirth.
Bristol Hospital moves to strike all of the counts against it because they fail to allege facts sufficient to support a cause of action under the doctrine of apparent agency. As the hospital concedes, there is nothing in the rules of practice which precludes a plaintiff from pleading in the alternative or combining more than one cause of action in a single count, as the plaintiffs have done here. The hospital's recourse was to request a revision of the complaint, separating the causes of action, so that it could move to strike those it considered deficient. P.B. § 10-35(3). See Associated Construction Co. v. Milford, Superior Court, Docket No. 025081, judicial district of Ansonia-Milford 3 CONN. L. RPTR. 710 (January 24, 1991). This it did not do. Instead, it now moves to strike those portions of the complaint which it claims insufficiently allege apparent agency on the part of doctors and others who participated in the child's delivery. But, "(i)f any part of a count states a legally sufficient cause of action, then that count is not subject to a motion to strike." Finelli v. BridgeportHospital, Superior Court, Docket No. 327206, judicial district of Fairfield (March 22, 1996).
In lieu of striking portions of the complaint the hospital urges me to order the revisions of the complaint it could have requested previously. But, by filing a previous request to revise which did not include these revisions, the hospital has waived CT Page 11790 its right to seek any further pleading revisions. P.B. § 10-38. Therefore, the motion to strike count two is denied.
Both the doctor and the hospital move to strike those counts seeking damages for the parents' loss of consortium. I cannot decide this aspect of the defendants' motion without taking into consideration the Supreme Court's recent en banc rejection[1]
of "a claim for loss of parental consortium by a minor child resulting from a serious injury to the child's parent". Mendillov. Board of Education, 246 Conn. 456, 477 (1998). Although there are some distinctions between a parent's claim and a child's claim for loss of consortium, even considering the sweeping language of the Court in Mendillo,[2] it seems most unlikely that a parent could have a cause of action for loss of filial consortium while a child does not have a cause of action for loss of parental consortium. Therefore, on the authority of Mendillo, the motions to strike counts four and six are granted.
Finally, each parent has claimed damages for the negligent infliction of emotional distress by both the doctor and the hospital, and the defendants have moved to strike those four counts. First, they argue, Maloney v. Conroy, 208 Conn. 392
(1988), establishes that there is no cause of action for negligent infliction of emotional distress on a "bystander", even a close family member, who witnesses medical malpractice. Were it not for Clohessy v. Bachelor, 237 Conn. 31 (1996), I might agree. In the latter case, however, the Court expressly overruled the case[3] upon which it had expressly based its holding inMaloney. In Clohessy the Court concluded, en banc and unanimously, without excluding any types of cases, "that a plaintiff should be allowed to recover, within certain limitations, for emotional distress as a result of harm done to a third party". Clohessy v.Bachelor, supra, 49. I cannot read the Clohessy decision without concluding that, not only Strazza, but the entire rationale upon which Maloney was based has been severely undermined where the four limiting factors imposed by Clohessy are properly alleged. In view of this recent decision, therefore, I do not believe thatMaloney is an insuperable barrier to the parents' claims.[4]
With regard to Mrs. Blanchette's claim, "a review of the case law reveals that a majority of the courts recognize a claim for bystander emotional distress in the circumstance of a mother claiming injury as a result of witnessing injury to the infant during childbirth. `[N]umerous superior court decisions have recognized that a mother is not a mere bystander at the birth of CT Page 11791 her own child.' Smith v. Humes, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143884 (July 22, 1977) (Ryan, J.) [.]" Martin v. Waradzin, Superior Court, No. 0404366, judicial district of New Haven at New Haven 21 CONN. L. RPTR. 616 (Apr. 2, 1998). Having considered these decisions, I see no reason to depart from their sound approach. In paragraphs 10 and 11 of count three and in paragraphs 12 and 13 of count five Mrs. Blanchette makes the allegations necessary to support a claim for negligent infliction of emotional distress, and the counts read as a whole bring her within the four limiting factors ofClohessy. Therefore, the motion to strike those counts is denied.
Mr. Blanchette's claim presents a different situation. I am aware of only one case upholding a husband's claim for negligent infliction of emotional distress during childbirth, Bond v.Kalla, supra, and there are several cases to the contrary. SeeMartin v. Waradzin, supra, and cases cited therein. Since the latter were based on their assumption of the continued viability of Maloney, and I believe, as did the judge in Bond, thatClohessy portends a reconsideration of the blanket rule ofMaloney where a plaintiff-husband or father can bring himself within the limitations established by Clohessy on bystander claims generally, I conclude that a claim such as that asserted in counts seven and eight is not barred.
The allegations in those counts, particularly those in paragraphs 11, 12 and 13 of count seven and paragraphs 12, 13 and 14 of count eight, are sufficient to support a claim for negligent infliction of emotional distress by Mr. Blanchette. He was present throughout his wife's labor and his child's delivery, when the malpractice is alleged to have occurred. Therefore, his claimed injury is "caused by the contemporaneous sensory perception of the event or conduct that causes the injury". (Emphasis added.) Clohessy v. Bachelor, supra, 52. Accordingly, the motion to strike is also denied as to those counts.
BY THE COURT
Shortall, J.