[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#174)
The plaintiffs, Christopher Neuhaus ppa, Andrea Neuhaus and David Neuhaus, Andrea Neuhaus, individually and David Neuhaus, individually, filed a second revised complaint dated April 19, CT Page 930 1999, against the defendants, Corrine DeCholnoky and Stamford Hospital alleging the following: The first count, Christopher Neuhaus ppa, Andrea Neuhaus and David Neuhaus allege medical negligence against Corrine DeCholnoky; the second count, Andrea Neuhaus alleges emotional distress against Corrine DeCholnoky; the third count, Andrea Neuhaus and David Neuhaus, individually alleging loss of consortium against Corrine DeCholnoky; the fourth count, Christopher Neuhaus ppa, Andrea Neuhaus and David Neuhaus allege fraudulent concealment of a cause of action against Corrine DeCholnoky; the fifth count, Andrea Neuhaus alleges fraudulent concealment of a cause of action against Corrine DeCholnoky; the sixth count, Andrea Neuhaus and David Neuhaus alleges fraudulent concealment of a cause of action against Corrine DeCholnoky; the seventh count, Christopher Neuhaus ppa, Andrea Neuhaus and David Neuhaus allege medical negligence against Stamford Hospital; the eighth count, Andrea Neuhaus alleges emotional distress against Stamford Hospital; the ninth count, Andrea Neuhaus and David Neuhaus, individually allege loss of consortium against Stamford Hospital; the tenth count, Christopher Neuhaus ppa, Andrea Neuhaus and David Neuhaus allege fraudulent concealment of a cause of action against Stamford Hospital; the eleventh count, Andrea Neuhaus alleges fraudulent concealment of a cause of action against Stamford Hospital; and the twelfth count, Andrea Neuhaus and David Neuhaus allege fraudulent concealment of a cause of action against Stamford Hospital.
The relevant facts alleged with respect to the defendant, Stamford Hospital, are as follows: At the time at issue, the defendant, Stamford Hospital, was a hospital in the city of Stamford providing obstetrics and perinatal and postnatal care and treatment. The defendant and its servants, agents and/or employees allegedly had concurrent control and acted in concert when they undertook the care, treatment, monitoring, and supervision of the infant plaintiff, then in utero, Christopher Neuhaus, and the infant mother, Andrea Neuhaus, for her pregnancy, labor, delivery, and postnatal care. Allegedly, as a result of the defendants' carelessness and negligence, the infant plaintiff suffered serious, painful, and permanent injuries.
The defendant, Stamford Hospital, filed a motion to strike (and supporting memorandum of law) the eighth, ninth, eleventh, and twelfth counts of the plaintiffs' second revised complaint dated April 19, 1999, on the ground that each count is legally insufficient. In response, the plaintiffs filed and objection and CT Page 931 supporting memorandum of law.
"The purpose of a motion to strike is to contest.. . the legal sufficiency of the allegations of any complaint.., to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). "[I]t admits all facts well pleaded." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232, 680 A.2d 127 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Pamela B. v. Ment, 244 Conn, 296, 308 709 A.2d 1089 (1998). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 639 A.2d 293 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 839 (1996).
EIGHTH COUNT — EMOTIONAL DISTRESS
In the eighth count, Andrea Neuhaus alleges emotional distress against Stamford Hospital. The defendant moves to strike this count arguing that the complaint sets forth a cause of action for bystander emotional distress and that Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice action. Notwithstanding, the defendant also argues that the plaintiff failed to allege an essential element of a cause of action for bystander emotional distress. Namely, that she suffered injury contemporaneously with the sensory perception of the alleged negligent conduct of the defendant, or that the defendant committed any positive act impacting contemporaneously upon her. The plaintiff argues that here, the basis of liability is not grounded on bystander emotional distress, but rather on a duty owed directly to a delivering mother by those providing her care. She argues that this duty is created by the physician-patient relationship. The plaintiff argues that Connecticut courts have recognized claims for emotional distress where there is an independent basis for finding the existence of a direct duty.
CT Page 932 In Clohessy v. Bachelor, 237 Conn. 31, 56, 675 A.2d 852 (1996), the court concluded that "a bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: (1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." However, in Maloney v. Conroy, 208 Conn. 392,545 A.2d 1059 (1988), the court would not recognize a cause of action for bystander emotional distress in an action arising out of medical malpractice. Id., 402. In Maloney, the court held "[w]hatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza[1] that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another."' Id.
The plaintiff's cause of action is not one for bystander emotional distress. The plaintiff did not frame her cause of action for emotional distress in a manner that would depict a claim for bystander emotional distress under Clohessy. Clohessyv. Bachelor, supra, 237 Conn. 56. Neither the appropriate terminology nor facts were alleged to set forth this type of a claim. However, the plaintiff did allege a cause of action for negligent infliction of emotional distress. To state a cause of action for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Parsons v. UnitedTechnologies Corp. , 243 Conn. 66, 88, 700 A.2d 655 (1997). "[R]ecovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk or harm from physical impact." Montinieri v. Southern NewEngland Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180 (1978).
The defendant's motion to strike the eighth count is denied CT Page 933 because the plaintiff has alleged a viable cause of action for negligent infliction of emotional distress. The plaintiff, Andrea Neuhaus, alleges that the defendant "knew or should have known that her conduct was likely to cause unreasonable risk of severe psychologic, physiologic and emotional distress to the plaintiff" and, as a result of "the carelessness and negligence of the defendant, " the plaintiff suffers such harm. Also, the plaintiff alleges that "her ability to carry on and enjoy life's activities" is impaired. The allegations do not support a finding that the plaintiff insufficiently alleged a cause of action of bystander emotional distress, but rather that she stated a valid cause of action for negligent infliction of emotional distress. Accordingly, the motion to strike is denied with respect to this count.
NINTH COUNT — LOSS OF CONSORTIUM
In the ninth count, Andrea Neuhaus and David Neuhaus, individually allege loss of consortium against Stamford Hospital. The defendant moves to strike this count arguing that it sets forth a cause of action for loss of filial consortium and that this is not a valid cause of action in Connecticut. The plaintiffs concede that the defendant is correct with respect to Connecticut's law on this issue. However, they urge the court to acknowledge the value of the family unit and the parent-child relationship, and to recognize a cause of action for parents' loss of services, companionship and society of their child.
The defendant, Stamford Hospital, brings this motion to strike on the ground that the Connecticut Supreme Court does not recognize a claim for loss of filial consortium relying onMendillo v. Board of Education, 246 Conn. 456, 717 A.2d 1177
(1998). In Mendillo, the Supreme Court refused to recognize a claim for loss of parental consortium by a minor child resulting from serious injury to the child's parent. Id., 477. The court also stated that "there is nothing in reason to differentiate the parent's loss of the joy and comfort of his child from that suffered by the child." Id., 485 n. 20; Chetta v. Taggart, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360104 (June 16, 1999, Skolnick, J.); Pollard Admx v.Norwalk Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 355354 (February 18, 1999, Skolnick,J.).
There are some distinctions between a parent's claim and a CT Page 934 child's claim for loss of consortium. However, when considering the sweeping language of the court in Mendillo, it is unlikely that a parent could have a cause of action for loss of filial consortium when a child does not have a cause of action for loss of parental consortium. See Blanchette v. Desper, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 144050 (October 19, 1998, Shortall, J.) (23 Conn. L. Rptr. 321). SeeChetta v. Taggart, supra, Superior Court, Docket No. 360104;Pollard Admx v. Norwalk Hospital, supra, Superior Court, Docket No. 355354; Accashian v. Danbury, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 417228 (January 8, 1999, Hodgson, J.) (23 Conn. L. Rptr. 656); Mello v. Hammond, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 141746 (September 23, 1998, Gill, J.); Manville v.Rockville General Hospital. Inc., Superior Court, judicial district of Tolland at Rockville, Docket No. 66240 (September 9, 1998, Kaplan, J.); Hurt v. Brewer, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 163406 (August 28, 1998, D'Andrea, J.) (22 Conn. L. Rptr. 554); Rios v.Kozlowski, Superior Court, judicial district of Hartford at Hartford, Docket No. 576510 (August 24, 1998, Teller, J.) (22 Conn. L. Rptr. 564).
The defendant's motion to strike the ninth count is granted because Connecticut does not recognize a cause of action for loss of filial consortium. The plaintiffs, Andrea Neuhaus and David Neuhaus, individually allege that they are the infant plaintiff's parents, and that as a result of the injuries the child has sustained, they have "been deprived of the services, companionship and society of their said son." The plaintiffs have alleged a cause of action for loss of filial consortium, and that based on Mendillo and the overwhelming authority in its support, Connecticut does not recognize this cause of action. Accordingly, the motion to strike is granted with respect to this count.
ELEVENTH COUNT — FRAUDULENT CONCEALMENT OF A CAUSE OF ACTION
In the eleventh count, Andrea Neuhaus alleges fraudulent concealment of a cause of action alleged in count eight for emotional distress against Stamford Hospital in violation of General Statutes § 52-595. The defendant moves to strike this count arguing that count eight alleges a claim for bystander emotional distress, and that since this is not a valid cause of action in Connecticut, this derivative claim for fraudulent concealment of a cause of action for emotional distress must also CT Page 935 fail. The plaintiff argues that count eight of the complaint does not state a cause of action for bystander emotional distress, but rather, states a cause of action for injuries suffered by her, as a result of the breach of duty owed directly to her, but was fraudulently concealed from her.
General Statutes § 52-595 states that "[i]f any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence." See Bartone v. Robert L. Day Co.,232 Conn. 527, 532, 656 A.2d 221 (1995). "Under our case law, to prove fraudulent concealment, the [plaintiff] [is] required to show: (1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiff['s] cause of action; (2) that [the] [defendant] intentional[ly] conceal[ed] these facts from the [plaintiff]; and (3) that [the] [defendant] conceal[ed] the facts for the purpose of obtaining delay on the plaintiff['s] part in filing a complaint on [her] cause of action." Id., 533. See Connell v. Colwell,214 Conn. 242, 250-51, 571 A.2d 116 (1990); Bound Brook Assn. v. Norwalk,198 Conn. 660, 665, 504 A.2d 1047, cert. denied, 479 U.S. 819,107 S.Ct. 81, 93 L.Ed.2d 36 (1986). "To meet this burden, it [is] not sufficient for the [plaintiff] to prove merely that it was more likely than not that the [defendant] had concealed the cause of action. Instead, the [plaintiff] [has] to prove fraudulent concealment by the more exacting standard of clear, precise, and unequivocal evidence." Id., 533.
The defendant's motion to strike the eleventh count is denied because the plaintiff has alleged a valid cause of action for emotional distress and for fraudulent concealment of this cause of action. In the eighth count, Andrea Neuhaus alleges that the defendant "fraudulently and intentionally" concealed a cause of action for emotional distress in violation of General Statutes § 52-595. The plaintiff alleges that the defendant "fraudulently and intentionally" concealed facts necessary to establish a cause of action for emotional distress, and did so for the purpose of keeping the plaintiff from investigating and/or bringing legal action. Therefore, the motion to strike is denied with respect to this count.
TWELFTH COUNT — FRAUDULENT CONCEALMENT OF A CAUSE OF ACTION
CT Page 936 In the twelfth count, Andrea Neuhaus and David Neuhaus allege fraudulent concealment of a cause of action alleged in count nine for loss of consortium against Stamford Hospital in violation of General Statutes § 52-595. Andrea Neuhaus and David Neuhaus allege that the defendant "fraudulently and intentionally" concealed a cause of action for loss of consortium in violation of General Statutes § 52-595. The plaintiffs allege that the defendant "fraudulently and intentionally" concealed facts necessary to establish a cause of action for loss of consortium, and did so for the purpose of keeping the plaintiffs from investigating and/or bringing legal action. The defendant moves to strike this count arguing that count nine alleges a claim for loss of filial consortium, and that since this is not a valid cause of action in Connecticut, this derivative claim for fraudulent concealment of a cause of action for loss of consortium must also fail. The plaintiffs argue that count nine of the complaint states a claim on behalf of both parents for the loss of their infant plaintiff's "services, companionship and society, " that the court should recognize this cause of action, and that the conduct that gave rise to this loss of filial consortium was fraudulently concealed from them.
The law in Connecticut with respect to alleging a valid claim for fraudulent concealment of a cause of action has been sufficiently detailed above in the eleventh count, is here noted, and therefore, is not repeated herein.
The defendant's motion to strike this twelfth count should be granted because the plaintiffs alleged a cause of action that is not recognized in Connecticut, loss of filial consortium, and therefore, this derivative cause of action fails.
For the reasons stated above, the motion to strike is granted as to the ninth and twelfth counts of the plaintiffs' second revised complaint, and isdenied as to the eighth a\d eleventh counts.
HICKEY, J.