[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANTS' MOTIONS TO STRIKE (#171, 173, 174)
On December 22, 1999, the plaintiffs, Judith and Paul Gousse, filed their second amended complaint alleging that the plaintiffs' three month old son, Michael Steven Gousse, while under the care and treatment of the defendants, Connecticut Children's Medical Center (CCMC), Charles Castiglione, M.D., Gerald Leonard, M.D., Richard Bevilacqua, M.D., and Gerald Calnen, M.D., died shortly after being released from the hospital following a surgical procedure. The complaint contains ten counts, one count of negligence, brought by both plaintiffs, and one count of bystander emotional distress, brought only by Judith, against each defendant. In early May, the defendants, CCMC, Bevilacqua and Calnen, each filed a motion to strike the claim of bystander emotional distress directed against him, counts six, nine and ten, respectively. Oral CT Page 10497 argument was heard on June 6, 2000.
The function of the motion to strike is to test the legal sufficiency of a pleading. See RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). Whenever a party wishes to contest the legal sufficiency of a complaint, the party may do so by filing a motion to strike. See Practice Book § 10-39; Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
Relying upon our Supreme Court's holding in Maloney v. Conroy,208 Conn. 392, 545 A.2d 1059 (1988), CCMC, Bevilacqua and Calnen each move to strike the bystander emotional distress claim on the ground that Connecticut does not recognize a claim for bystander emotional distress in the context of a medical malpractice action. The plaintiff argues that she has stated a legally sufficient cause of action based upon the elements established in Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852
(1996), which, she argues, is applicable in this case.
The court recognizes, as do the parties, that there exists a split in authority among the judges of the. Superior Court as to whether a claim for bystander emotional distress is allowed in the context of a medical malpractice action. One line of cases holds that Maloney v. Conroy, supra, 208 Conn. 392, was either overruled by Clohessy v. Bachelor, supra, 237 Conn. 31, or that it is only narrowly applicable to its limited factual circumstances. Those cases would permit a claim for bystander emotional distress in any action, including medical malpractice, provided that the elements established in Clohessy v.Bachelor, supra, are pleaded. See, e.g., Drew v. William BackusHospital, Superior Court, judicial district of New London at New London, Docket No. 550724 (September 30, 1999, Hurley, J.T.R.); Blanchette v.Desper, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 144050 (October 19, 1998, Shortall, J.) (23 Conn.L.Rptr. 321);Rios v. Kozlowski, Superior Court, judicial district of Hartford at Hartford, Docket No. 576510 (August 24, 1998, Teller, J.) (22 Conn. L. Rptr. 564);Bond v. Kalla, Superior Court, judicial district of New London at New London, Docket No. 543295 (April 13, 1998, Koletsky, J.) (21 Conn.L.Rptr. 682).
The other line of cases holds that, because Clohessy v. Bachelor, supra, 237 Conn. 31, did not explicitly overrule Maloney v. Conroy, supra, 208 Conn. 392, Maloney still remains good law, and, accordingly, a claim for bystander emotional distress cannot be maintained in the context of a medical malpractice claim. See, e.g., Cromwell v. Hendessi, Superior Court, judicial district of Tolland at Rockville, Docket No. 68215 (October 6, 1999, Sullivan, J.); Martin v. Waradzin, Superior Court, judicial district of New Haven at New Haven, Docket No. 404366 CT Page 10498 (April 2, 1998, Hartmere, J.) (21 Conn.L.Rptr. 616); Erwin v. Bodin, Superior Court, judicial district of New London at New London, Docket No. 537103 (January 16, 1998, Martin, J) (21 Conn.L.Rptr. 280); Chabotv. Day Kimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 53562 (February 27, 1997, Sferrazza, J.) (19 Conn. L. Rptr. 250);Wildman v. Connecticut Allergy and Asthma Associates, P.C., Superior Court, judicial district of Fairfield at Fairfield, Docket No. 334473 (December 16, 1996, Levin, J) (18 Conn.L.Rptr. 453).
The court finds that the cases that adhere to the rule of Maloney v.Conroy, supra, 208 Conn. 392, are more persuasive because "[t]he Maloney court sets forth . . . compelling policy reasons . . . as to why bystander emotional distress should not apply to medical malpractice claims." Cromwell v. Hendessi, supra, Superior Court, Docket No. 068215. "To allow recovery by one, like the plaintiff, who has been more or less constantly `at the bedside' of the malpractice victim during the period of treatment is likely to cause hospitals and other medical treatment facilities to curtail substantially the extent of visitation of patients that is presently permitted." Maloney v. Conroy, supra, 208 Conn. 402. "Relatives at bedside have heightened sensitivity which may affect their judgment as to what is proper medical treatment, thereby causing a frequency of claims and inevitably causing the providers to restrict visitation. Further, medical personnel would be likely to divert their attention from the patient to the relative to accommodate the sensitivities of others. . . . Consequently, the Maloney court determined that [the recognition of] causes of action for bystander emotional distress in medical malpractice cases would have consequences detrimental to the community as a whole. . . ." (Citation omitted; internal quotation marks omitted.) Cromwell v. Hendessi, supra, Superior Court, Docket No. 068215; see also Maloney v. Conroy, supra, 208 Conn. 402-03.
There is no clear indication that the Supreme Court would reverse its decision in Maloney v. Conroy, supra. "The opinions of the Supreme Court of Connecticut are binding upon the Superior Court, and the rule of the [Maloney] case is clear and explicit. Until it is reversed, changed or modified by the Supreme Court, this court must follow it." (Internal quotation marks omitted.) Wildman v. Connecticut Allergy AsthmaAssociates, supra, 18 Conn.L.Rptr. 456; see also Jolly, Inc. v. ZoningBoard of Appeals, 237 Conn. 184, 195, 676 A.2d 831 (1996) ("It is axiomatic that a trial court is bound by Supreme Court precedent."). "Since [Maloney] has not been overruled, the plaintiff may not assert a claim for bystander emotional distress arising out of alleged acts of medical malpractice on her son." Wildman v. Connecticut Allergy AsthmaAssociates, supra, 18 Conn.L.Rptr. 456.
Accordingly, each defendants' motion to strike the claim of bystander CT Page 10499 emotional distress, counts six, nine and ten, respectively, are granted.
Hennessey, J.