[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE COUNTS FOUR, FIVE AND SEVEN — BYSTANDER EMOTIONAL DISTRESS AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (#117)
The plaintiffs, Dawn DeRosa, Steven Ebstein and Jesse Ebstein[1]
filed a seven count amended complaint on December 17, 1999, against the defendants, Murray Master and the Women's Medical Group. DeRosa and Steven Ebstein allege that the defendants were medically negligent in the delivery of their child, Jesse Ebstein.
The defendants move to strike the fourth, fifth, and seventh counts of the complaint. Count four is for bystander emotional distress on behalf of DeRosa; count five is for bystander emotional distress on behalf of Steven Ebstein; and count seven is for the negligent infliction of emotional distress on behalf of Steven Ebstein. The defendants argue that these causes of action are not legally cognizable in Connecticut.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof. . . ." Practice Book § 10-39
(a); Pamela B. v. Ment, 244 Conn. 296, 325 n. 21, 709 A.2d 1089 (1998). In ruling on a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Parsonsv. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997); see also Cotto v. United Technologies Corp., 251 Conn. 1, 18, 738 A.2d 623
(1999). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Bhinder v. Sun Company, Inc., 246 Conn. 223, 226, 717 A.2d 202
(1998).
The defendants argue that Connecticut does not recognize bystander CT Page 9668 emotional distress in a medical malpractice action. They also argue that Connecticut does not recognize a cause of action for negligent infliction of emotional distress as to a father following the delivery of his child.
The plaintiffs argue that Connecticut does recognize a cause of action for bystander emotional distress in a medical malpractice action. They also argue that the defendants do not cite any authority for the argument that Connecticut does not recognize a cause of action for negligent infliction of emotional distress as to the father. The plaintiffs suggest that to fail to recognize such a latter cause "would be discriminatory and would undervalue the connection between the father and child."
 BYSTANDER EMOTIONAL DISTRESS
The defendants rely upon Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059
(1988), for their argument that bystander emotional distress is not a recognized cause of action in medical malpractice cases. The plaintiffs rely upon Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852 (1996), for their argument that bystander emotional distress is a recognized cause of action and that the foreseeability rule applies.
In 1988, our Supreme Court held that there is no cause of action for bystander emotional distress in medical malpractice actions. Maloney v.Conroy, supra, 208 Conn. 392. Subsequently, in 1996, in a case not claiming medical negligence, the court recognized a cause of action in bystander emotional distress under the rule of reasonable foreseeability provided the bystander satisfies certain limiting conditions. Clohessy v.Bachelor, supra, 237 Conn. 31. The Supreme Court did not expressly overrule Maloney v. Conroy. It did, however, overrule Strazza v.McKittrick, 146 Conn. 714, 156 A.2d 149 (1959), also a non-malpractice action, upon which Maloney v. Conroy relied. Consequently, "[t]here is a split of authority in the Superior Court as to whether Connecticut allows a cause of action for bystander emotional distress in medical malpractice actions." Huhn v. Goldstone-Orly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352421 (February 10, 2000, Melville,J.).
The Supreme Court, since Clohessy v. Bachelor, supra, 237 Conn. 31, has not issued a ruling as to whether there exists a cause of action in Connecticut for bystander emotional distress in medical malpractice actions. See Pollard Admx v. Norwalk Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 355354 (February 18, 1999, Skolnick, J.); Martin v. Waradzin, Superior Court, judicial district of New Haven at New Haven, Docket No. 404366 (April 2, 1998,Hartmere, J.) (21 Conn.L.Rptr. 616, 617). The Superior Court is split CT Page 9669 on the issue, one view holding that since Clohessy v. Bachelor, supra,237 Conn. 31, expressly overruled Strazza v. McKittrick, supra,146 Conn. 714, and did not overrule Maloney v. Conroy, supra,208 Conn. 392, then Maloney v. Conroy, supra, 208 Conn. 392, is still good law and, therefore, no cause of action for bystander emotional distress in medical malpractice actions lies. See, e.g., Chabot v. DayKimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 053562 (February 27, 1997, Sferrazza, J.) (19 Conn. L. Rptr. 250);Tracy v. New Britain General Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 561434 (January 23, 1997, Wagner, J.T.R.) (18 Conn.L.Rptr. 582); Wildman v.Connecticut Allergy and Asthma Associates, P.C., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334473 (December 16, 1996, Levin, J.) (18 Conn.L.Rptr. 453).
The other view holds that Maloney v. Conroy, supra, 208 Conn. 392, did not need to be overruled because the case is not inconsistent with the holding in Clohessy v. Bachelor, supra, 237 Conn. 31. This view holds that the fact pattern in Maloney v. Conroy, supra, 208 Conn. 392, would not meet the factors set forth in Clohessy v. Bachelor, supra,237 Conn. 31. Therefore, this view finds little significance in the Supreme Court's decision to not expressly overrule Maloney v. Conroy,
supra, 208 Conn. 392. See Pollard Admx v. Norwalk Hospital, supra, Superior Court, Docket No. 355354; Bond v. Kalla, Superior Court, judicial district of New London at New London, Docket No. 543295 (April 13, 1998, Koletsky, J.) (21 Conn.L.Rptr. 682).
This court is persuaded by the line of cases recognizing a cause of action for bystander emotional distress in the medical malpractice context. "[A] bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies the following conditions: (1) he or she is closely related to the injury victim, such as the parent or the sibling of the victim; (2) the emotional injury of the bystander is caused by the contemporaneous sensory perception of the event or conduct that causes the injury, or by arriving on the scene soon thereafter and before substantial change has occurred in the victim's condition or location; (3) the injury of the victim must be substantial, resulting in his or her death or serious physical injury; and (4) the bystander's emotional injury must be serious, beyond that which would be anticipated in a disinterested witness and which is not the result of an abnormal response." Clohessyv. Bachelor, supra, 237 Conn. 56.
This court holds that when a complaint alleges a cause of action for bystander emotional distress and pleads the four conditions set forth inClohessy v. Bachelor, supra, 237 Conn. 56, the complaint will survive a CT Page 9670 motion to strike even in the context of a medical malpractice action. SeePollard Admx v. Norwalk Hospital, supra, Superior Court, Docket No. 355354; Rios v. Kozlowski, Superior Court, judicial district of Hartford, Docket No. 576510 (August 24, 1998, Teller, J.) (22 Conn. L. Rptr. 564, 565); Blanchett v. Desper, Superior Court, judicial district of Waterbury, Docket No. 144050 (October 19, 1998, Shortall, J.) (23 Conn. L. Rptr. 321) (upholding the husband's claim for bystander emotional distress where the husband was present at the child's delivery and observed the alleged malpractice); Bond v. Kalla, supra, Superior Court, Docket No. 543295 (holding that when the four conditions of Clohessy are well pleaded, the complaint will survive a motion to strike, whether or not that count is pleaded in the context of a medical malpractice action); Constantino v. Avery Center for Obstetrics and Gynecology,
United States District Court, Docket No. 96CV85 (November 11, 1998,Eginton, J.) (holding that the father meets the four Clohessy factors since he is the child's father, who contemporaneously watched his son being dropped to the floor of the delivery room causing serious injury and whose response to this horrific event is not abnormal).
In Clohessy v. Bachelor, supra, 237 Conn. 31, the Supreme Court overruled Strazza v. McKittrick, supra, 146 Conn. 714, the case upon which Maloney v. Conroy, supra, 208 Conn. 392, relies. The central rationale of Maloney v. Conroy, supra, 208 Conn. 392, thus seems to have been undermined. It is therefore not an insuperable barrier to the plaintiffs' claims. See Blanchette v. Desper, supra,23 Conn.L.Rptr. 321.
The plaintiffs have pleaded facts sufficient to meet the four elements of the foreseeability rule set out in Clohessy v. Bachelor. DeRosa and Steven Ebstein are the parents of the infant, Jesse Ebstein, both were present during his birth, the injuries the infant sustained are arguably substantial, and the injury suffered by DeRosa and Steven Ebstein is arguably serious and not the result of an abnormal response.
The defendants' motion to strike counts four and five is therefore denied.
 NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO THE FATHER
The defendants argue that they could not find any cases in Connecticut which allowed a claim for negligent infliction of emotional distress as to a father during the birth of his child and therefore this count must be stricken. The plaintiffs argue that courts recognize a mother's cause of action for the negligent infliction of emotional distress during childbirth and that to not recognize such a cause of action for the father would be discriminatory. CT Page 9671
The court in Bond v. Kalla, supra, 21 Conn.L.Rptr. 682, upheld the husband's claim for negligent infliction of emotional distress during childbirth based upon its holding that Clohessy v. Bachelor, supra,237 Conn. 31, required a reconsideration of the holding in Maloney v.Conroy, supra, 208 Conn. 392. The court in Blanchette v. Desper, supra,23 Conn.L.Rptr. 321, similarly upheld the father's claim for negligent infliction of emotional distress.[2] The father in the present case was present during his wife's labor and his child's delivery, when the malpractice is alleged to have occurred. Therefore, his claimed injury is caused by the contemporaneous sensory perception of the event or conduct that causes the injury.
The court is persuaded by the rationale of the court in Bond v. Kalla,
supra, 21 Conn.L.Rptr. 682, and Blanchette v. Desper, supra,23 Conn. L. Rptr. 321, and similarly upholds the father's claim for negligent infliction of emotional distress. The defendants' motion to strike count seven is therefore denied. Subsequent events, either in the case itself or in developing appellate law may take out one of these damage theories. If not, the trial court will need to be alert to the possibility of overlapping emotional distress recoveries.
The Court
Nadeau, J.