[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE
The plaintiffs, Stephen and Gretel Turner, individually, and as the parents and next friends of their infant child, Gabrielle Turner, have brought this medical malpractice action against the defendants, Obstetrics Gynecology Associates of Stamford, P.C. (Obstetrics 
Gynecology Associates), Lisa Dishongh, M.D. (Dishongh), and Stamford Hospital (collectively, the defendants), arising out of injuries suffered by the plaintiffs due to the defendants' alleged negligence during the childbirth, of the infant plaintiff. In counts seven and eight, Stephen Turner, individually, alleges negligent bystander emotional distress against the defendants. Obstetrics Gynecology Associates and Dishongh moved to strike count seven of the plaintiffs' complaint on the ground that Connecticut courts do not recognize a claim for bystander emotional distress in a medical malpractice action. Subsequently, Stamford Hospital moved to strike count eight of the plaintiffs' complaint on the same ground.[1]
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike." Practice Book § 10-39(a); see also Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). The court "[m]ust . . . take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 522-523, 753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
This court recognizes that there is a split of authority in the Superior Court as to whether a claim for bystander emotional distress is legally sufficient in a medical malpractice action. The first line of cases, relied upon by the defendants, holds that a bystander emotional distress claim is not legally sufficient in a medical malpractice action. The prevailing case relied upon by this line of decisions isMaloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988). In Maloney, the court examined whether "one who is closely related to a victim of alleged malpractice may recover for a severe emotional disturbance claimed to CT Page 12983 have resulted from observing the malpractice perpetrated on the victim." Id., 393. The court held that "a bystander to medical malpractice may not recover for emotional distress . . ." Id. See also Baranowski v. St.Mary's Hospital, Superior Court, judicial district of Waterbury, Docket No. 148905 (February 20, 2001, Doherty, J.) (court held that "Maloney
precludes recovery for bystander distress in medical malpractice actions . . ."); Gousse v. Connecticut Children's Medical Center, Superior Court, judicial district of Hartford, Docket No. 587675 (August 9, 2000,Hennessey, J.) (27 Conn. L. Rptr. 679) (same); Martin v. Waradzin, Superior Court, judicial district of New Haven, Docket No. 404366 (April 2, 1998, Hartmere, J.) (21 Conn. L. Rptr. 616) (same); Chabot v. DayKimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 053562 (February 27, 1997, Sferrazza, J.) (19 Conn. L. Rptr. 250) (same); Wildman v. Connecticut Allergy and AsthmaAssociates, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334473 (February 20, 1997, Levin, J.) (18 Conn. L. Rptr. 453) (court held that "[s]ince Maloney has not been overruled, [a] plaintiff may not assert a claim for bystander emotional distress arising out of alleged acts of medical malpractice . . ."). Consequently, the defendants argue that their motions to strike must be granted.
The second line of cases, relied upon by the plaintiffs, holds that a bystander emotional distress claim is legally sufficient in a medical malpractice action. The prevailing case relied upon by this line of decisions is Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852 (1996). InClohessy, the court held that "a plaintiff should be allowed to recover, within certain limitations, for emotional distress as a result of harm done to a third party." Id., 49. In so holding, the Clohessy court established four factors that a plaintiff must allege in order to establish a claim for bystander emotional distress: (1) the bystander must be closely related to the injury victim; (2) the bystander's emotional injury must be caused by the contemporaneous sensory perception of the event or conduct that causes the injury; (3) the injury to the victim must be substantial, resulting in either death or serious physical injury; and (4) the bystander must have sustained a serious emotional injury. (Internal quotation marks omitted.) Id., 52-54. The plaintiffs contend that they have alleged a legally sufficient cause of action for bystander emotional distress because they have alleged all four requirements set forth in Clohessy.
This second line of decisions hold that Clohessy limited the rule inMaloney because, unlike in Clohessy, the Maloney decision was based on the lack of a readily discernible event as the trigger for the plaintiffs emotional distress as a bystander. These decisions hold, therefore, that as long as a plaintiff satisfies all four conditions set forth in CT Page 12984Clohessy, then even in a medical malpractice action, a plaintiff has alleged a legally sufficient cause of action for bystander emotional distress. See DeRosa v. Master, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 067788 (August 24, 2000, Nadeau,J.) (27 Conn. L. Rptr. 714) (court held that "when a complaint alleges a cause of action for bystander emotional distress and pleads the four conditions set forth in [Clohessy] . . . the complaint will survive a motion to strike even in the context of a medical malpractice action.");Huhn v. Goldstone-Orly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352421 (February 10, 2000, Melville, J.) (26 Conn. L. Rptr. 535) (court held that in medical malpractice action "if [a plaintiff] state[s] a claim for bystander emotional distress as set forth in Clohessy, the plaintiff [s] complaint will survive a motion to strike."); Estate of Davis v. Yale-New Haven Hospital, Superior Court, judicial district of New London at New London, Docket No. 548382 (January 27, 2000, Corradino, J.) (26 Conn. L. Rptr. 481) (court held that if plaintiff satisfies all four conditions in Clohessy in medical malpractice action then plaintiff alleged legally sufficient cause of action for bystander emotional distress); Drew v. Backus Hospital, Superior Court, judicial district of New London at New London, Docket No. 550724 (December 13, 1999, Hurley, J.T.R..) ("[T]his court agrees with the line of cases which hold that Clohessy has firmly established a cause of action for bystander emotional distress in Connecticut regardless of whether the action arises from medical malpractice."); Blanchette v.Desper, Superior Court, judicial district of Waterbury, Docket No. 144050 (October 19, 1998, Shortall, J.) (23 Conn. L. Rptr. 321) (same); Rios v.Kozlowski, Superior Court, judicial district of Hartford, Docket No. 576510 (August 24, 1998, Teller, J.) (22 Conn. L. Rptr. 564) (same); Bondv. Kalla, Superior Court, judicial district of New London at New London, Docket No. 543295 (April 13, 1998, Koletsky, J.) (21 Conn. L. Rptr. 682) ("It is the holding of this court, that when the four conditions of [Clohessy] are well pleaded, the complaint will survive a motion to strike, whether or not that count is pleaded in the context of a medical malpractice action."). This court is persuaded by the well-reasoned decisions in this second line of cases. Accordingly, this court finds that a claim for bystander emotional distress in a medical malpractice action is a valid cause of action and therefore cannot grant the defendants' motions to strike on this ground.
However, the court must now examine the plaintiffs' complaint to decide whether they have sufficiently alleged all four elements as set forth inClohessy. As this court has already discussed, in order to set forth a legally sufficient cause of action for bystander emotional distress a plaintiff must allege that: (1) the bystander is closely related to the injured victim; (2) the bystander's emotional injury is caused by the contemporaneous sensory perception of the event or conduct that causes CT Page 12985 the injury; (3) the injury to the victim is substantial, resulting in either death or serious physical injury; and (4) the bystander has sustained a serious emotional injury. (Internal quotation marks omitted.)Clohessy v. Bachelor, supra, 237 Conn. 52-54.
This court finds that counts seven and eight sufficiently allege only the third factor of the Clohessy test. In these counts the plaintiffs allege that as a result of the carelessness and negligence of the defendants, the infant plaintiff suffered severe, painful and permanent injuries, thus satisfying the third Clohessy factor. In looking at the first factor, however, the court finds that while the plaintiffs have alleged that Gretel Turner is the infant plaintiffs mother, the court is unable to find any allegation of Stephen Turner's relationship to theinjured infant plaintiff, let alone an allegation of a close relationship and thus the plaintiffs have failed to allege the first factor of the test.
As to the second factor, the court finds that the plaintiffs have failed to allege any contemporaneous sensory perceptions Stephen Turner had of the surrounding events and conduct at issue which ultimately led to Stephen Turner's emotional injury. There are no allegations that Stephen Turner witnessed any particular incidents or actions on the part of the defendants during the childbirth which caused him to suffer emotional distress, or even any allegations that Stephen Turner was present during the childbirth. As a result, the court finds that the plaintiffs have failed to allege the second factor of the test.
Finally, in addressing the fourth factor of the test, the court finds that in count eight the plaintiffs allege that Stephen Turner continues to suffer from psychological, physiological and emotional distress. The court is unable to find, however, an allegation in count seven which satisfies the fourth factor of the test. Count seven states that as a result of the infant plaintiffs injuries, Stephen Turner has suffered financial injuries. As the fourth factor requires an allegation of a "serious emotional injury," the court finds that the plaintiffs have failed to allege the fourth factor of the test in count seven. (Emphasis added.) Clohessy v. Bachelor, supra, 237 Conn. 54.
In conclusion, the court finds that pursuant to the holding inClohessy, a claim for bystander emotional distress is valid in a medical malpractice action. Furthermore, the court finds that the plaintiffs have not sufficiently alleged the four factors set forth in Clohessy in order to establish their claims for bystander emotional distress. Accordingly, the defendants motions to strike counts seven and eight of the plaintiffs' complaint are granted. CT Page 12986
So Ordered.